Ruffin, C. J.
 

 The Court holds, that the premises passed to the widow for life, with remainder to the heirs of Abraham, under the description of “the plantation whereon I now live.” If the case stood upon the words of the will alone, without any evidence respecting the two tracts of land, upon parts of both of which was situate the portion under culture by the testator, there could be no doubt. “The plantation on which the owner lives” would certainly be understood generally to be all the contiguous land of the proprietor, which he resided on and made one parcel, by using different portions of it for his own culture for a series of years, although it may originally have constituted several tracts, and although some parts of the body, and of the several tracts, which made up the body, may remain uncultivated and uncleared. The term “plantation” has several significations ;• but a man’s plantation at such a place is understood by the bulk of people here to be the land he owns at that place, whereof.he is cultivating more or less in annual crops. More properly, it designates the place planted ; but in wills it is generally used to express more than the enclosed and cultivated fields, and to take in the necessary wood land, and, indeed, commonly all the land forming
 
 *434
 
 the parcel or parcels under culture as one farm, or even what is worked by one set of hands.
 
 Bradshaw
 
 v.
 
 Ellis,
 
 2 Dev. & Bat. Eq. 20, was a case of the latter kind, in which, upon the whole will, the Court held, that ‘ my plantation” carried two tracts, which were half a mile apart, as they were both cultivated together by the tes. tator as one farm. This construction is not at all varied by any of the facts proved. There is no attempt to
 
 establish,
 
 that any particular part of the contiguous land was known and called the testator’s plantation, separate from some other of the parts under culture. On the contrary the proof was merely, that different parts of the plantation were called by the distinct names of “the Brown place” and “Home place.” But that was nothing more than a mode of designating the different fields, which make up the farm ; which, instead of “farm,” the testator calls by the term “plantation,” which is the more familiar to the mass of our citizens. If the devise had been of the “Home place,” or “the Brown place,” then those, particular well known names would have controlled more general words of description But the gift is not by the name of either'of the parcels, but by a general one, “plantation,” which in fact embraced both parcels. As all the land, which was actually in culture, is em« braced by the term “plantation,” in its strictest sense, that must, of course, pass. But the devise cannot be restricted to that. For, of necessity, it is to be supposed the testator meant to give with it the contiguous wood land, or, at least, as much of it as should be requisite for a supply of timber and wood ; and, as he has pointed out no mode of ascertaining how much he deemed requisite, or what particular part he intended, the Court cannot say, that less than the whole was given. For these reasons the Court deems the judgment erroneous.
 

 As there must be a
 
 venire de novo,
 
 it will perhaps facilitate the next trial to dispose of a question of evidence,
 
 *435
 
 stated in the record. Besides the evidence given, the plaintiff offered to prove, that, when about to make his will and while making it, the testator said he wished to give “the home plantation” to his wife and Abraham’s heirs, and the "Brown place” to Joel and John and their children ; and that, after the will was made, the testator showed a person the dividing line between those two places, and said, that he had given the former to his wife and Abraham’s heirs, and the latter to John and Joel and their children. Upon objection the Court rejected the evidence; and, we think, properly. Evidence of parcel or not parcel is competent, or any other that serves to fit a thing to the description. But as we had occasion.to say in the late case of
 
 Barnes
 
 v.
 
 Simms,
 
 it is not compe. tent, upon a question of construction, to prove by witnesses, that a testator meant a clause in his wdll to be different from what it was written, or afterwards declared that the meaning of the clause, as written, was different from the purport of it upon its face. That would be to control the writing, or, rather, to make a new will by parol. The evidence was, therefore, inadmissible. But on the first ground the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam.
 

 Judgment reversed and a
 
 venire de novo.