Nash, J.
 

 We are of opinion that the negroes* bequeathed to Mrs. Boddie for life, passed, under the residuary clause, to the persons therein named, to wit, William Willis Boddie and Elizabeth and Martha Ann Boddie, and constituted in them a vested remainder, to be enjoyed after the death of the
 
 *202
 
 widow. It is a principle of law, that a testator is to be presumed to intend not to die intestate, as to any portion of his estate; and, therefore, it is always held, that a residuary clause passes whatever is not otherwise disposed of, unless particu-. laxly restrained. Indeed, the very end and object o( a residuary clause appear to be, to gather up the fragments of an estate after other portions of it have been particularly dispo-’ sed of. It is, therefere, a rule well established in the English Courts, as in ours, that, as to personal estate, a residuary clause carries not only every thing not disposed of, but every thing that turns out not to be disposed of. 1st Ves. Jr. 109, 110; 15th do. 509; 4 Hawks 215. It is not so much the intention of the party, though that intention clearly expressed will govern, as the presumption of law in favor of the residuary legatee, to avoid an intestacy. When, therefore, a particular legacy lapses, it falls into the residuum for the benefit of the residuary legatee — he being preferred to the next of kin. In the case of
 
 Speight and Gatlin,
 
 2 Dev. Eq. Rep. p. 5,
 
 the
 
 devise to Mrs. Speight, the widow, was of a tract of land and five negroes during her life. There was then a devise of all the remainder of his estate of every description, to be sold and divided between his two
 
 sons.
 
 There was no mention otherwise, in the will, of the negroes devised for life to the widow. The court decided they passed under the residuary clause. - It is difficult to distinguish that case from the present. The negroes passed to the residuary fund, because the language was sufficient to embrace them, and because it was evident the testator did
 
 not intend to die
 
 intestate. Here the words in the residuary clause are sufficiently comprehensive to embrace the negroes given to the widow for life; “ all my negroes that are not given away by this my last will,” &c. The language used by the testator, the bequest to the wife, may assist us in ascertaining his intention, if it is necessary to .resort to his intention to expound the clause under consideration.
 
 “
 
 I give the use and labor of my negro Isaac,” &c. It is fair to suppose he used those terms in their common and ordinary acceptation; for
 
 *203
 
 in the residuary clause he varies the expression so as to give the negroes themselves, and not merely the use. But, if had given them in so many words to his wife for life, without more, an interest remained in him undisposed of — the remainder — and the language used is sufficient to embrace it; for, according to the case of
 
 Taylor, Ex'r,
 
 v
 
 Lucas and, others,
 
 4 Haw. 215, the residuary clause will, by construction of law, carry not only every thing not diposed of, but every thing that in the event turns out not to be disposed of. The testator, then, in this case, not only had negroes not expressly given away by the will, by any devise going before the residuary clause, but it turned out that he had others of which he had not disposed. The law then, beside the intent of the testator, places them in the residuary clause, and> upon the death of the widow, Mrs. Boddie, they go, together with their increase, to the residuary legatees, the defendants in this case. The bill must be dismissed.
 

 Per Curiam. Bill dismissed.