D. A. BLUE et al. v. J. F. RITTER et al.

*Action to Recover Land— Wills—Presumption—Trial— Burden of Proof—Failure of Proof—Appeal.*

1. The law presumes that one who undertakes to make a will does not intend to die intestate as to any part of his property; hence,

2. Where, in an action to recover land, the plaintiff dies and his heirs and executors are made parties plaintiff in his stead, and on the trial offer evidence that their ancestor is dead and that he left a will which has been probated, the presumption is that he devised all his property and the heirs must, by the will or otherwise, show that they are his devisees.

3. In such case, it was proper for the trial judge to direct a verdict for defendant on the ground of a failure of proof of plaintiff's title.

4. Where the point as to the insufficiency of evidence was made and argued, and replied to by plaintiff, on the trial below, and a judgment based on such insufficiency was rendered below, this Court will not order the missing evidence to be supplied.

CIVIL ACTION, for the recovery of land, tried at May Term, 1895, of CUMBERLAND Superior Court, before *Norwood, J.,* and a jury. There was a verdict for the defendants and plaintiffs appealed. The facts necessary to an understanding of the decision of the Court are stated in the opinion of Associate Justice FURCHES.

*Messrs. T.*♮*H. Sutton* and *Shepherd & Busbee,* for plaintiffs (appellants).

*Mr. N. W. Ray,* for defendants.

FURCHES, J.: This is an action for the possession of land. It therefore became the duty of plaintiffs to make

out their title, that is, to show by the evidence that they are the owners, and if they fail to do this they must fail in this action. *Cowen* v. *Withrow*, 116 N. C., 771. The action was commenced by N. R. Blue who has since died, and the plaintiffs offered evidence showing that he was dead, leaving a last will and testament, an order of court at a former term to make his heirs-at-law and executors parties plaintiff, and that they had been so made. But they did not offer in evidence the will of the testator. And upon the argument, as is stated in the case on appeal, defendants contended that plaintiffs had failed to make out their case—failed to show that they were the owners of the land in dispute, even admitting that they had shown that Blue at the time of his death was the owner—for the reason that they had shown that Blue had made a will, and nothing further appearing the law presumed that he devised this land, and that the devisees, and not the executors nor heirs-at-law, were the owners. This position of defendants was disputed by plaintiffs on the trial below as it was on the argument in this Court. Whereupon his Honor then said, as has been admitted by counsel on both sides, " the case depended on questions of law ; that plaintiffs had not made out a case which would entitle them to recover ; that because of failure of proof and defects in the title of plaintiffs the jury would be instructed to answer 'no' to the first issue, and they were so instructed." To this plaintiffs excepted, and the jury answered "no" as they were instructed to do. Judgment for defendants and appeal by plaintiffs.

It appears upon an examination of authorities · that defendants' contention must be sustained. Upon its appearing that Blue left a last will and testament which had been admitted to probate, and the executors had qualified, the presumption is that he had willed this land, if it

was his at the time of his death.  2 Redfield on Wills, 116 ; Schouler on Wills, Sec. 490 ; Pritchard on Wills, Sec. 1.  " The law presumes that a man who undertakes to make a will does not intend to die intestate as to any part of his property."  Pritchard, *supra*, Sec. 386.  The same doctrine is held in *Speight* v. *Gatling*, 2 Dev. Eq., 5 ; *Jones* v. *Perry*, 3 Ired. Eq., 200.  This presumption should have been rebutted by plaintiffs to entitle them to recover.

On the argument here it was contended for plaintiffs that this ground of defense was technical, and the Court was asked to send for the will, if it found trouble on this point. It is true it is technical, and so is much of the law that courts are called upon every day to administer.  And how it would have been if the will had been introduced, we do not know.

We are not inadvertent to the fact that this Court has, of its own motion, sent down for papers found during the investigation to be necessary for its information, as in *Foster* v. *Hackett*, 112 N. C., 546.  But those cases were very different from this.  In those cases, it was to explain and to show the effect of evidence in the case, and not for the purpose of adding new evidence to make out a case for the plaintiff, when he had failed to make out the case on the trial below.  But in this case it seems to us we should not do so, as this was a point made and argued by defendants and replied to by plaintiffs in the trial below.  It would be making a new case in this Court from the one tried below. The judge said " that, because of the failure of proof," he charged the jury to answer the first issue for defendants. It was most probable that this is the very defect he charged upon, as it had been discussed by both sides.  And it would not be fair to appellee if we should allow plaintiffs to make a new case before us, and then overrule the court below on the new case.

We find no error in the judgment appealed from, as the case is constituted for us, and it must be affirmed.

There were a number of other points made and discussed before us, but the consideration we have given this one disposes of the case, and we have not considered the other questions.

Affirmed.