J. W. AUSTIN v. J. F. AUSTIN.

(Filed 13 November, 1912.)

1. **Wills—Partial Intestacy—Presumptions—Burden of Proof.**
    The presumption of law is against partial intestacy, and the one who seeks to establish it has the burden of rebutting that presumption.

2. **Same—"Home Place"—Adjoining Tracts of Land—Cultivated as One—Devise of Home Tract—Evidence—Nonsuit.**
    A testate had acquired two adjoining tracts of land at different times; the first he called the "home place" and the other by a different name, but cultivated them together. He devised "the northern side of the dividing line of the home tract of land" to one of his sons, and "the south side of the dividing line of said tract" to another of his sons, and provided for the others of his children by bequests of his personalty: *Held,* by the devise of the "home tract" both tracts passed to his two sons to be divided as indicated; for there being no further evidence, the presumption is against intestacy as to the second tract of land acquired by the testator, and a judgment of nonsuit upon the evidence was properly granted.

APPEAL by plaintiff from *O. H. Allen, J.,* at March Term, 1912, of STANLY.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*R. L. Smith for plaintiff.*
*R. E. Austin and Jerome Price for defendant.*

CLARK, C. J. The testator, R. H. Austin, owned two adjoining tracts of land aggregating about 150 acres, which two tracts he cultivated together as one tract. One tract of land, of 53½ acres, which he called the "home place," he acquired in 1856. And the other, of 96 acres, which adjoined and which he called "the Thomas Whitley place," he purchased in 1881. He devised all his property, real and personal, to his wife, as long as she lived; and then he provided: "After me and my wife is gone, I want my son J. F. Austin to have the north side of the dividing line of the home tract of land, and my son W. R. Austin to have the south side of said dividing line of said tract of land, to them and their heirs." He further provided that upon the same event all his personal property should be "equally divided among my other heirs," and appointed said J. F. and W. R. Austin his executors.

The plaintiffs claim that the testator died intestate as to the "Whitley" tract. If the devise is construed as embracing the whole of the 150 acres, there was a "dividing line" running east and west. But if the devise applied only to the 53½ acres which was originally the home tract, then there was no such dividing line.

The presumption is against intestacy. *Peebles v. Graham,* 128 N. C., 225. The burden was on the plaintiffs to rebut that presumption. *Blue v. Ritter,* 118 N. C., 582. Here there was nothing to rebut the presumption that the devise covered both tracts under the name of "the home tract." Both tracts were cultivated together as one tract; one lies south of the other and the dividing line between the two would give the northern side to one son and the south side to another. The testator remembered all his children and gave those excluded from a share in the land the whole of his personal property, to be equally divided between them.

In *Woods v. Woods,* 55 N. C., 420, the devise was of "the tract of land whereon I now live and reside, containing 225 acres, more or less." The testator had originally settled on a tract of 225 acres, but had added several small adjacent tracts, making in all between four and five hundred acres, which were cultivated together as one tract. It was held that the devise carried all the adjacent tracts.

In *Stowe v. Davis,* 32 N. C., 431, the devise was of "the plantation where I now live." The testator had two adjacent tracts, known as "the home place" and the "Brown place." It was held that both tracts passed under the devise. The facts are almost identical with those in this case.

In *Bradshaw v. Ellis,* 22 N. C., 20, it was held that a devise of "my plantation" carried two tracts half a mile apart, because they had been cultivated together as one farm. Though here the original tract had been called "the home place" and the tract acquired in 1881 had been styled "the Whitley place," still the hedgerow between them had been cut down and the two tracts had been cultivated and treated as one. This, together with the presumption against partial intestacy, justified the court, in the absence of rebutting testimony, in granting a nonsuit. There was no evidence to go to the jury, and on the face of the will the court properly held that the devise applied to the entire tract of 150 acres.

Affirmed.