W. M. ALLEN v. BENEHAN CAMERON.

(Filed 23 March, 1921.)

**1. Wills—Interpretation—Intent—Residuary Clause—Presumptions.**

The purpose of a residuary clause in a will is to embrace both real and personal property not therein specifically devised or bequeathed, and unless words are used to restrict its meaning, this interpretation will be adopted as carrying out the intent of the testator.

**2. Same.**

A testator owning a large estate in real and personal property, after making devises and bequests thereof, and to provide for any omission, with apparent particularity declared his daughter the residuary legatee, "to receive and take all that shall be omitted, or shall fall in and become mine, either in law or equity, and that she shall be paid her full child's part on the division of my personal property, without deduction for any advances, as she has needed none and received nothing beyond what she deserved," etc.: *Held*, a lot of land not specifically devised comes within the terms of the residuary clause, and evidenced the testator's intent from the language employed as well as from the presumption of law, that as to the land specified he should not die intestate, and that the daughter should not be charged with any advancements whatsoever.

**3. Same—Devise—Bequest—Realty—Personalty.**

The general rule of interpretation of a residuary clause in a will is that the word "legacy" may include "devise" and "legatee," a "devisee" applying to both the testator's realty and personalty when from the writing of the will the testator's intent so appears.

APPEAL by plaintiff from *Kerr, J.,* at November Term, 1920, of WAKE.

This is a civil action, brought by plaintiff, W. M. Allen, against defendant, Bennehan Cameron, for the specific performance of a written contract, whereby Mr. Cameron agreed to sell to W. M. Allen, and said

Allen agreed to buy from him a house and lot in Raleigh, N. C., on East Jones Street, at the price of $8,000 in cash. The defendant Cameron in apt time tendered the deed from him and his wife to said Allen, and demanded the payment of the sale price of $8,000. Mr. Allen made no objection to the form of the deed, or that the property was not free from encumbrance, but refused to accept the deed, or to pay the sale price, solely on the ground that item 16 of the will of Mr. Paul C. Cameron did not pass said house and lot to his daughter, Mildred Cameron, who devised the same to defendant, Bennehan Cameron, and hence that the defendant, Bennehan Cameron, did not have and could not convey a good title to said house and lot, the said Allen contending that the words "residuary legatee" in item 16 passed undisposed of personal property alone, but did not pass undisposed of real estate; while the defendant Cameron claimed that item 16 passed undisposed of real estate also, including the house and lot in question. The house and lot was owned by Paul C. Cameron at the time of his death, but is not specifically mentioned in his will, and there is no other residuary clause in the will, except item 16. Mr. Paul C. Cameron wrote his own will.

Item 16 of the will of Paul C. Cameron is as follows:

"Item 16. And to provide for any omission I name and declare my daughter, Mildred Cameron, the residuary legatee, to receive and take all that shall be omitted, or that shall fall in and become mine, either in law or equity, and that she shall be paid her full child's part on the division of my personal property, without any deduction for any advances, as she has needed none and received nothing beyond what she deserved for her care of her parents, and as a member of my family."

The court below rendered judgment in favor of the defendant, and held that item 16 of the will of Paul C. Cameron did pass the house and lot to Mildred Cameron, and that her will devised the same to the defendant Bennehan Cameron, and, therefore, that he was the owner in fee simple of the same, and that upon his tendering to the plaintiff a deed in sufficient form to pass title in fee to the house and lot free from encumbrances, the plaintiff should accept the same and pay the sale price of $8,000 over to the defendant.

The plaintiff excepted and appealed, and filed six exceptions and assignments of error, set out in the record. All of plaintiff's exceptions and assignments of error are based upon his contention that the court erred in holding that item 16 of the will of Paul C. Cameron operated to make his daughter, Mildred Cameron, his residuary devisee as well as residuary legatee, and that the house and lot passed to her, it being conceded that if she acquired the title to the house and lot, it passed by her will to the defendant, and that he is now the owner in fee of the

same, and that the deed already tendered by him is fully sufficient to convey the house and lot to plaintiff in fee. Therefore, all of plaintiff's exceptions and assignments of error will be considered together.

The only question is as to whether item 16 of the will of Paul C. Cameron passed to his daughter, Mildred Cameron, the undisposed of real property as well as the undisposed of personal property.

*R. N. Simms for plaintiff.*
*Ernest Haywood for defendant.*

WALKER, J., after stating the case: We have no doubt as to what Mr. Cameron meant by the language employed in the residuary clause of his will. It is clear from the preamble, or introductory clause, that he intended to dispose of all that he owned or possessed, and not die intestate as to any part of his large estate. He disposed of the larger part of it with great care and particularity, and when he came to the final clauses, thinking that he may have inadvertently overlooked some part of it, he inserted the residuary clause to provide for any such omission on his part. This is generally the intention of a testator in making such a provision, and is the peculiar office of a residuary clause. It will embrace anything not before disposed of in the will, both real and personal property, unless there are words used to restrict its meaning. Perusing the entire will of Mr. Cameron, and comparing all of its parts with each other, we are led to the conclusion that he has expressed his intention throughout with unusual clearness and precision with the clear understanding of the other parts of his will, in which he provides for all those whom he regarded as the proper objects of his bounty and solicitude, he then takes precaution against the contingency of anything being left out, which shows additionally that he intended to dispose of everything he had, and this also is according to the presumption of fact which the law raises, for *Chief Justice Ruffin* said, in *Reeves v. Reeves,* 16 N. C., 386: "It is to be remembered that every testator is presumed not to intend to die intestate, as to any part of his estate; and, therefore, that a residuary clause is always, unless expressly restrained, held to pass whatever is not otherwise disposed of. If there was nothing particular, therefore, in this will, there could be no question." See, also, *Powell v. Woodcock,* 149 N. C., 235; *Austin v. Austin,* 160 N. C., 367; *Homes v. Mitchell,* 6 N. C., 228; *Williams v. McComb,* 38 N. C., 450; *Page v. Foust,* 89 N. C., 447; *Foil v. Newsome,* 138 N. C., 115; *Jones v. Myatt,* 153 N. C., 225; *Norris v. Durfey,* 168 N. C., 325. Cases in other jurisdictions are to the like effect. *Wilson v. Wilson,* 261 Ill., 174; *Russell v. Elden,* 15 Me., 193; *Bacon v. Bacon,* 55 Vermont, 243; *Yopp v. R. R.,* 148 Ga., 539. *Justice Story,* in *Burwell v. Cawood,*

*Executor of Mandeville,* 2 Howard (U. S.), 560, 578 (11 L. Ed., 378, 385), considered a case very much like ours and thus said, after referring to certain legal principles and to the testator's intention, as disclosed by his will, when read in the light of these principles. There can, we think, be no doubt that the testator intended by his will to dispose of the whole of his estate, real and personal. The introductory words to his will already cited show such an intention in a clear and explicit manner. He, therefore, looks to the disposal of all the estate he shall die possessed of. It is said that, admitting such to be his intention, the testator has not carried it into effect; because the residuary clause declares John West his "residuary legatee" only, and not his residuary devisee also; and that we are to interpret the words of the will according to their legal import as confined altogether to the residue of the personal estate. "This is, in our judgment, a very narrow and technical interpretation of the words of the will. The language used by the testator shows him to have been an unskilled man, and not versed in legal phraseology. The cardinal rule in the interpretation of wills is that the language is to be interpreted in subordination to the intention of the testator, and it is not to control that intention, when it is clear and determinate. Thus, for example, the word 'legacy' may be construed to apply to real estate where the context of the will shows such to be the intention of the testator." He then cites some of the English cases. *Hope v. Taylor* (1 Burr. Rep., 269), where the word "legacy" was held to include lands, from the intention of the testator deduced from the context of his will; and *Hardacre v. Hash* (5 Term Report, 716), where a like doctrine was announced upon similar facts; *Doe, dem, Tofield v. Tofield* (11 East., 246), and *Pitman v. Stevens* (15 East., 505), were to the same effect. He treats the law as settled upon this point. The above English decisions have been followed by the courts of this country, and especially by this Court. We may, therefore, take the general rule to be unquestioned, that where it appears to be the intention of the testator, the word "legacy" may include "devise," and "legatee" a "devisee," so that a "residuary legatee" would take land as well as personalty. In the following cases the word residuary legatee was used by the testator, and held by the Court to have the same meaning as if they had been "residuary legatee and devisee." *Evans v. Crosbie,* 15 Sim., 600; 60 Eng. Rep., 753; *Estate of Henderson,* 161 Cal., 354; *Dann v. Canfield,* 197 Mass., 591; *Day v. Daveron,* 12 Sim., 200 (59 Eng. Rep., 1108); *Wilds v. Davies,* 1 Smale & Giffard, 475 (65 Eng. Repr. Rep., 208); *Laing v. Barbour,* 119 Mass., 523; *Singleton v. Tomlinson,* 3 Appeal Cases, 404. So it is seen that the current of authority is decidedly in one and the same direction. But the language of the residuary clause is itself sufficient to show the intention of the testator. He first declares that he

wishes "to provide for *any* omission," and therefore appoints his daughter, Mildred Cameron, his "residuary legatee"—"to receive and take *all* that shall be omitted or that shall fall in (or lapse) and become mine." Nowhere does he restrict this gift to personal property, but uses general words, such as "any" and "all," which included his property of every kind not expressly given to another, or which reverts to him by reason of a lapse on account of the death of any beneficiary during his lifetime. He could not have written a more inclusive or comprehensive clause. The subsequent reference to her child's part in the division of the personalty (already provided for) was inserted in order to make it clear that he intended that the daughter should be treated with special favor, and that there should be no deduction from her child's share in the personalty when the division of it was made as before directed, on account of any advancement he had made to her. The latter part of the clause was not intended to limit the words of the first part by confining the latter to personalty alone, but was inserted there for a very different purpose. He assigns the reason for thus favoring his daughter, which is, that no real advancements had been made, "as she had needed none, and had received nothing beyond that she deserved for her care of her parents and as a member of my (his) family." There can be no doubt as to the true construction of Mr. Cameron's will, if there was room for it. Where the meaning is plain, or without any ambiguity, no construction is required, but we simply enforce the intention as it is clearly expressed, and for this reason further discussion would be useless, and we would end it here but for the fact that this Court has once passed upon this will some years ago, in construing another clause of it, and in the opinion of the Court reference also was made to this residuary clause, which is pertinent to this case and deserves some attention from us. The Court there said: "It is a presumption of fact that every man that makes a will intends to dispose of all of his estate. *Blue v. Ritter,* 118 N. C., 580; *Jones v. Perry,* 38 N. C., 200. This presumption may be rebutted, but it stands until it is rebutted. It is therefore presumed that Mr. Cameron did not intend to die intestate as to this large body of land, amounting to some 800 acres. And, besides this presumption the law makes, we have other evidence in the will tending to show that he did not intend to die intestate as to any part of his estate. We find that in the sixteenth item of his will he says: 'And to provide for any omissions, I name my daughter, Mildred, the residuary legatee,' but she is to have her full share, and not to account for anything she may receive under this residuary clause." The sixteenth clause is the one now under consideration. It appears from the above excerpt from the opinion of the Court in the case that our brethren of that day regarded clause sixteen as referring to both realty and personalty. They were consider-

ing whether a tract of land containing about 800 acres had been sufficiently described to pass to the defendant under the will, but the Court was unanimous in the opinion that Mr. Cameron did not die intestate as to any of his property, but that it all, realty and personalty, had passed either under specific devises and bequests, and if not, then under the residuary clause. But we do not agree to the suggestion in that opinion that the reference at the close of the quotation referred "to anything she received under the residuary clause," but solely to money or property given to her in the testator's lifetime, which, but for his explicit direction in the residuary clause, might be taken and charged against her as advancements.

Our conclusion is that upon the facts stated in the record this property passed to Mildred Cameron by her father's will, and, by her will, it passed to the defendant, and that the latter is now the owner thereof, and can convey a good and indefeasible title thereto to the plaintiff by the deed which the court has required him to execute.

There is no error, and we affirm the judgment.

Affirmed.