SAM HOLMES v. MRS. DELLA YORK, MRS. LOIS E. COOK, and Husband
A. S. COOK, MRS. OLA SHOEMAKER, and Husband RUEL SHOE-
MAKER, and ATHIA YORK.

(Filed 21 December, 1932.)

1. **Wills E i—Parol evidence of testator's intention is not admissible
in action involving construction of will.**

In an action involving the construction of a will testimony of a witness
of a declaration of the testatrix as to her intention of how the property
in controversy should be disposed of under her will is incompetent and is
properly excluded.

2. **Wills E a—There is a presumption against partial intestacy.**

Where a will is susceptible to two reasonable constructions, one dis-
posing of all of the testator's property, and the other leaving part of the
property undisposed of, the former construction will be adopted and the
latter rejected, there being a presumption against partial intestacy.

3. **Wills E f—All of testatrix's real property held devised to named
devisee, the will otherwise leaving the property undisposed of.**

The testatrix was seized of two tracts of land at the time of her death,
one containing about twenty-six acres and the other five, the smaller tract
adjoining the larger and the larger tract adjoining the lands of Y., H.
and B. Her will contained a devise to "Y. of all my real property ad-
joining the lands of Y., H. and B., containing twenty-six acres, more or
less." The will contained no residuary clause and made no other disposi-
tion of the real property, and Y. appeared to be the chief object of the
testatrix's bounty. *Held,* Y. took both tracts of land in fee simple under
the will, the will being construed to avoid partial intestacy. C. S., 4164.

Appeal by plaintiff from *Barnhill, J.,* at March Special Term, 1932,
of Iredell. Affirmed.

This is an action brought by plaintiff against defendants to recover
two pieces of land, described as follows: "(1st tract) Beginning in
Hudson's and Tharpe's line on a double pine tree, near the road leading
to Troy, running east 36 rods to a rock; thence south by side of a
hedge row 19 rods to a rock; thence west 36 rods to a black gum in the
old field on the west side of the road leading south to the church; thence
north 19¾ rods to the beginning, containing four acres, more or less.
(2nd tract) Beginning at a double pine in Hudson's and C. V. Tharpe's
line; running west 8 rods to a stone in Tharpe's and Hudson's line;
thence south 19¾ rods to a stone in Z. R. Tharpe's line; thence east 8
rods to a black gum, Frank Brown's corner; thence north 19¾ rods to
the beginning, containing one acre, more or less."

The record is as follows: "It is agreed that only the question of title
and ownership to the land be tried at this time, reserving the right to

try the question of damages for wrongful detention and on the question of damages on defendant's counterclaim to some future term of court. It is admitted that both the plaintiff and defendants claim under the same common source, it being admitted by all parties that Miss L. C. Hodgson was the owner and seized in fee simple of the lands in controversy at the time of her death, and acquired same prior to the execution of her will. It is further admitted that at the time of the death of Miss L. C. Hodgson, who was the owner in fee simple of a 26-acre tract of land, and of the land described in the complaint, to wit: Four acres and one acre, making a total number of acres of land owned by her at her death, thirty-one, and that she owned same at the date of the execution of her will. It is further admitted that the 26-acre tract of land owned by her at her death adjoined the lands of O. C. York, D. A. Holmes and Curtis Barnard. It is further admitted that the four-acre tract of land and one-acre tract, for which this suit was brought to recover, did not adjoin the lands of O. C. York, D. A. Holmes, or Curtis Barnard, but did adjoin the above 26-acre tract of land on the south side. It is further admitted that O. C. York mentioned in the will of Miss L. C. Hodgson is now dead, and left surviving him, his widow, Mrs. Della York, one of the defendants, and the following children: Mrs. Lois E. Cook, Mrs. Ola Shoemaker and Athia York, as his sole heirs at law, he having died intestate. It is further admitted that the said Miss L. C. Hodgson died leaving the following paper-writing as her last will and testament:

'North Carolina—Iredell County.

I, L. C. Hodgson, of said county and State being of sound mind but considering the uncertainty of my earthly existence do make and declare this my last will and testament: First, my executor hereinafter named shall give my body a decent burial, erect a nice white slab to my grave and pay all my funeral expenses, together with all my just debts out of the first money which may come into his hands belonging to my estate. Second, *I give and devise to O. C. York all my real property adjoining the lands of O. C. York, B. A. Holmes, Curtis Barnhard and others, containing 26 acres, more or less.* Third, *I give and bequeath to O. C. York all my personal property of whatsoever nature.* Fourth, I hereby constitute and appoint L. Ellis Hayes my lawful executor to all intents and purposes to execute this my last will and testament according to the intent and meaning of the same and every part and clause thereof, hereby revoking and declaring utterly void all other wills and testaments by me heretofore made. In witness whereof, I, L. C. Hodgson, do hereunto set my hand and seal, this 15 June, 1926.' (The above will was introduced in evidence, read to the jury and marked 'Exhibit A.')

L. Ellis Hayes, witness for the plaintiff, on direct examination, testified as follows: That he lives in Iredell County, North Carolina, and was acquainted with Miss L. C. Hodgson during her life time, and stated that he had talked to Miss Hodgson in regard to the lands in controversy passing under her will. The witness was then asked What did Miss L. C. Hodgson tell you, if anything, in regard to the five acres of land now in controversy? Defendants object. Objection sustained. Plaintiff excepts. Had the witness been allowed to answer the question, he would have stated that Miss L. C. Hodgson told him she did not intend this land to go to O. C. York under her will. It is further admitted that had the said Miss L. C. Hodgson died intestate as to the lands in controversy, as contended by the plaintiff, Creed Hale, Flem Hale, S. T. Hale, L. W. Phillippie, Gid Harrington, J. J. Harrington, G. C. Harrington, and Creed Sutherland were her sole heirs at law, and would have inherited the lands in controversy. It is further admitted that the said heirs at law conveyed the lands in controversy to the plaintiff, Sam Holmes, by deed recorded in Book 103, at pages 73 and 74 in the office of the register of deeds of Iredell County."

*Lewis & Lewis for plaintiff.*
*J. W. Sharpe and J. W. VanHoy for defendants.*

CLARKSON, J. The only question involved in this appeal is whether or not the devisor died intestate as to the lands in controversy? We think not.

L. Ellis Hayes, a witness for plaintiff was asked: "What did Miss L. C. Hodgson tell you, if anything, in regard to the five acres of land now in controversy? Defendants objected, objection sustained. Had the witness been allowed to answer the question, he would have stated that Miss L. C. Hodgson told him she did not intend this land to go to O. C. York under her will." This exception and assignments of error cannot be sustained.

The matter has been recently fully discussed and authorities cited in *Reynolds v. Trust Co.*, 201 N. C., at p. 278 (quoting from Jarman on Wills) as follows: "As the law requires wills both of real and personal estate (with an inconsiderable exception) to be in writing, it cannot, consistently with this doctrine, permit parol evidence to be adduced, either to contradict, add to, or explain the contents of such will; and the principle of this rule evidently demands an inflexible adherence to it, even where the consequence is the partial or total failure of the testator's intended disposition; for it would have been of little avail to require that a will *ab origine* should be in writing, or to fence a testator round with a guard of attesting witnesses, if, when the written instru-

ment failed to make a full and explicit disclosure of his scheme of disposition, its deficiencies might be supplied, or its inaccuracies corrected, from extrinsic sources. No principle connected with the law of wills is more firmly established or more familiar in its application than this; and it seems to have been acted upon by the judges, as well as of early as of later times, with a cordiality and steadiness which show how entirely it coincided with their own views." Page on Wills (2d ed.), Vol. 2, sec. 1422, p. 2389.

Presumption is against partial intestacy, where person undertakes to make a will. *Kidder v. Bailey,* 187 N. C., 505; *Gordon v. Ehringhaus,* 190 N. C., 147; *McCullen v. Daughtry,* 190 N. C., 215; *Mangum v. Trust Co.,* 195 N. C., 469.

Page on Wills (2d ed.), Vol. 1, sec. 815, at p. 1383-4, is in part: "Under ordinary circumstances a man makes a will to dispose of his entire estate, or, at least, of his estate as it exists at the time he makes his will. If, therefore, a will is susceptible of two constructions, by one of which testator disposes of the whole of his estate, and by the other of which he disposes of a part of his estate only, and dies intestate as to the remainder, the courts will prefer the construction by which the whole of the testator's estate is disposed of, if this construction is reasonable and consistent with the general scope and provisions of the will. A construction which results in partial intestacy will not be used unless such intention appears clearly. It is said that the courts will prefer any reasonable construction, or any construction which does not do violence to testator's language, to a construction which results in partial intestacy."

The plaintiff in his brief cites no authorities to sustain his contention. The presumption is against partial intestacy. There is nothing in testatrix's will to show the land in controversy was not a part of *"all my real property."* There is no residuary clause in the will. O. C. York seems to have been the special object of testatrix's bounty, she bequeathed to him *all her personal property of whatsoever nature.* She conveyed her real estate as containing 26 acres *more or less,* and the land in controversy is 5 acres, adjoining the 26-acre tract of land on the south side. Then again, she says "all my real property." To be sure she says who it adjoins, but this 5 acres is adjoining the 26 acres and it is well known, *as a matter of common knowledge,* that frequently adjoining land is purchased and tacked on the main tract. We think the "tail must go with the hide." C. S., 4164, 4165; *Brown v. Hamilton,* 135 N. C., 10. The judgment of the court below is

Affirmed.