EMMA J. CASE ET AL. v. ROBERT V. BIBERSTEIN ET AL.

(Filed 1 January, 1935.)

1. **Wills E b—Word "balance" in clause of will in this case held to include both realty and personalty.**

The pertinent provisions of the will in this case were "I will and bequeath" certain sums of money and a chattel to named beneficiaries, "to my aunt, C., use of the entire balance during her lifetime and at her death this balance to J.": *Held*, the dispositive words "will and bequeath" are sufficient to include both realty and personalty, and the word "balance" referred to both, and under the presumption against partial intestacy, C. and J. took a life estate and remainder in such realty and their joint deed conveyed the fee-simple title thereto.

2. **Wills E a—**

Where a competent person undertakes to make a will, the law presumes he does not intend to die intestate as to any part of his property.

APPEAL by defendants from *Hill, Special Judge,* at October Special Term, 1934, of MECKLENBURG.

Civil action for specific performance, heard upon the pleadings and agreed statement of facts.

The defendants contracted in writing to purchase from the plaintiffs Emma J. Case, who is unmarried, and Dorothy Jackson and her husband a certain lot of land, situate in the city of Charlotte, for a valuable consideration. The plaintiffs duly executed and tendered deed therefor and demanded payment of the purchase price as agreed, but defendants decline to accept deed and refuse to make payment of the purchase price, on the ground that the title offered is defective.

Judgment for the plaintiffs, from which the defendants appeal, assigning error.

*Whitlock, Dockery & Shaw for plaintiffs.*
*J. M. Shannonhouse for defendants.*

STACY, C. J. On the hearing the sufficiency of the title offered was made to depend upon the construction of the following provision in the will of L. Alice Chambers:

"Third: I will and bequeath to my cousins, Dorothy and Walter Jackson, $2,000.00, to Cousins John and Pearl LeBarr $200.00, to Cousin Fern LaBarr my typewriting machine—to my aunt, Emma J. Case, use of the entire balance during her lifetime and at her death this balance to Cousin Dorothy Jackson."

Does the word "balance" in the above clause refer to the real estate of the testatrix as well as to her personal property? It is the contention

of the defendants that only the balance of the personal property is bequeathed by this clause, while the plaintiffs say the real estate of the testatrix is also devised thereby.

The dispositive words "will and bequeath," are sufficient to include both. *Allen v. Cameron,* 181 N. C., 120, 106 S. E., 484; *Faison v. Middleton,* 171 N. C., 170, 88 S. E., 141. And the word "balance," we apprehend, was intended to mean the remainder of the estate of the testatrix. *Arvin v. Smith's Ex'rs,* 128 S. E. (Va.), 252; 28 R. C. L., 296, *et seq.* The law presumes that when a person who is capable of doing so undertakes to make a will, he does not intend to die intestate as to any part of his property. *Gordon v. Ehringhaus,* 190 N. C., 147, 129 S. E., 187. This presumption against partial intestacy has been applied in a number of cases. *Holmes v. York,* 203 N. C., 709, 166 S. E., 889; *McCallum v. McCallum,* 167 N. C., 310, 83 S. E., 250; *Austin v. Austin,* 160 N. C., 367, 76 S. E., 272; *Powell v. Wood,* 149 N. C., 235, 62 S. E., 1071; *Blue v. Ritter,* 118 N. C., 580, 24 S. E., 356; *Reeves v. Reeves,* 16 N. C., 386.

We have concluded that the judgment is correct.

Affirmed.