DAVISSON, ·Admr., Plaintiff-Appellee, v. SPARROW et, Defendants-Appellants, and DAVISSON, Defendant-Appellee.

Ohio Appeals, Second District, Preble County.

No. 123. Decided November 16, 1949.

Thurston F. Bittle, Eaton, for George D. Davisson, Plaintiff-Appellee.

Landis, Ferguson, Bieser & Greer, Dayton, for Marian D. Ashley, Richard P. Davisson and Oscar Fulton Davisson, Jr., defendants-appellants.

Dye & Ernst, Eaton, for Roscoe C. Sparrow, Grace Jones and Kathryn Ray, defendants-appellants.

## OPINION

By MILLER, PJ.:

This is a law appeal from the Probate Court of Preble County, Ohio. The action was brought by the administrator of the estate of Oma S. Davisson, seeking a construction of her last will and testament. The sole question presented is: Did Oma S. Davisson dispose of all of her property, or did she dispose of only her personal property and die intestate as to after acquired real estate? The pertinent provisions of the will are:

"SECOND: * * * All of my estate, which now consists of personal property, notes, money, stocks, bonds and other securities and which I may own at the time of my death, I authorize and direct my said executor or his successor act as trustee in the care and management thereof, and as said notes and other securities are paid off or collected, to reinvest the principal in safe, secure, interest paying investments, and the interest or income received from all my personal estate, * * * I give and bequeath to my husband, F. M. Davisson, during his life, to be his property absolutely.

"THIRD: At the death of my said husband, F. M. Davisson, the interest or income received from my said personal estate, I give and bequeath to my mother, Rose Jackson of Anderson, Indiana, and my aunt, Ida Bell Sparrow, * * * equally during their joint lives, and upon the death of either to the survivor during her life.

"FOURTH: At the death of said survivor, * * * I give and bequeath my entire personal estate aforesaid to said George Noel Wichael" (now George D. Davisson, Appellee,) "absolutely."

The fifth item also disposes of "my said personal estate" under certain conditions.

Considering now the terms of the will it will be noted that the second paragraph provides:

"all my estate, which now consists of personal property, notes," etc., "and which I may own at the time of my death."

This clearly is the language of one who is attempting to dispose of all her possessions at the time of death. This intention must be given application if the succeeding paragraphs and the will taken as an entirety do not disclose a different intention. The intent of the testator shall control if it can be determined within the four corners of the will. **41 O. Jur. Sec. 469, page 600.**

Continuing, the second paragraph provides:

"I authorize and direct my said executor or his successor act as trustee * * *, and as said notes and other securities are paid off or collected, to reinvest the principal in safe, secure, interest paying investments, and the interest or income received from all my **personal** estate, * * *, I give and bequeath to my husband, F. M. Davisson * * *." (Emphasis ours.)

. It should also be noted that the second item of the will uses the terms "personal property" and "personal estate." These terms being different, a different meaning must have been intended. If different words are employed with reference to a given subject matter, it will be assumed that the testator intended a different meaning when he employed such different expressions. Page on Wills, Volume II, Sec. 933. A case with facts quite similar to the case at bar is that of West v. West, 213 N. Y. S. 480. Here the will provided:

"After my lawful debts are paid I give and bequeath to my aunt Mrs. Eliza Sheehan all my personal property to which . I may die seized and possessed or to which I may be entitled at the time of my decease, including household furniture. I authorize her to sell and dispose of all and everything belonging to me and give title to same."

The court held that even though the term "personal property" was used the testator intended to include real estate, the words "Personal property" being used in the sense of "my own property"; that the word "personal" should be omitted in order to carry out the testator's intent. In 69 C. J. at page 373, in discussing the meaning of the word "estate" it is said:

"* * * The word includes real property, where such is the intention of the testator, although words descriptive of personalty accompany the word, as where it is coupled with other words sufficient to carry the whole personal estate; * * * 'Personal estates' will carry realty, where it is manifest from the will that such was the testator's intention."

We therefore conclude that when the testatrix used the term "personal estate" she did not mean "personal property." The trial court held that the word "personal" was associated with the word "my" to show a quality of possession rather than, with the word "estate" to distinguish between personal property and real estate. While it may be conceded that technically the words "personal estate" have reference only to personal property, still technical rules of interpretation cannot control if they are in conflict with the apparent intention of the testator. **41 O. Jur. Sec. 476, page 608.** If we should adopt the appellant's contention that "personal estate" meant personal property only, this conclusion would not be in accord with the strong presumption that the testatrix did not intend to die partially intestate.

We have been favored with the opinion of the trial court and are in full accord with the legal conclusions adopted therein and which we shall not restate.

We find no error in the record and the judgment is affirmed.

HORNBECK and WISEMAN, JJ, concur.