Lesane v. Chandler

---

---

LOIS LENNON LESANE AND HUSBAND, THURMAN LESANE, AND SWANNIE WILLARD LENNON, ALSO KNOWN AS SWANNIE LENNON GOWANS, SEPARATED v. REASE S. CHANDLER, FORMERLY REASE S. LENNON, AND HUSBAND, MR. SAM CHANDLER

No. 7013SC223

(Filed 15 July 1970)

1. Wills §§ 2, 55— dispositive words — "bequeath"

   The dispositive word "bequeath" is sufficient to include both personalty and realty.

2. Wills § 55— definition of "estate" — technical and ordinary meanings

   In its technical sense, "estate" refers to the degree, quantity, nature and extent of a person's interest in land; in its ordinary usage, "estate" embraces a testator's entire property, real and personal.

3. **Wills § 55— devise of "Personal Estate" — conveyance of realty**

> The words "Personal Estate" as used in the residuary clause of a will *are held* sufficient to pass testator's real estate to his second wife.

4. **Wills §§ 28, 30— ambiguous will — presumption against intestacy**

> Where the will was ambiguous as to whether real property of the testator would pass under the phrase "Personal Estate," the presumption against partial intestacy is applicable.

5. **Wills § 30— presumption against intestacy**

> The law presumes that when a man who is capable of doing so undertakes to make a will, he does not intend to die intestate as to any part of his property.

6. **Wills § 30— presumption against intestacy**

> The presumption against intestacy means that where a will is susceptible to two reasonable constructions, one disposing of all of testator's property, and the other leaving part of the property undisposed of, the former construction will be adopted and the latter rejected.

7. **Wills § 52— construction of residuary clause**

> A residuary clause should be construed so as to prevent an intestacy as to any part of the testator's estate, unless there is an apparent intent to the contrary, plainly and unequivocally expressed in the writing.

APPEAL by petitioners from *Canaday, J.,* 15 December 1969 Civil Session, COLUMBUS Superior Court.

Petitioners instituted this proceeding for partition of a tract of land. Respondents filed an answer denying that the parties were tenants in common and alleging that the respondent Rease S. Chandler (Mrs. Chandler) was the sole owner of the subject property. The parties waived jury trial and agreed that the presiding judge should try the issues of fact and law.

It was stipulated by pretrial order that Russell Lennon at the time of his death in 1965 was seized in fee of the subject land and that Mrs. Chandler is his surviving widow and the petitioners Lois Lennon Lesane and Swannie Willard Lennon are his daughters and only children. It was stipulated during the trial that respondents' Exhibit No. 1 was his Last Will and Testament; the pertinent provisions are as follows:

> "*Second*: I gave and bequethe [sic] to my Daughters Swanie and Lois, the sum of Five Dollars each, and to my former wife, Marie Lennon, I give and bequeath the sum of One ($1.00) only.

*Third*: I give and bequeath unto my present wife Rease Lennon, absolute and unconditional, all of my personal property and Estate, of every character and description, wherever situate, being the residue of my personal Estate, subject only to my debts and the bequests mentioned in the Second paragraph hereof, all of my real property having been heretofore disposed of by Conveyances thereof.

*Fourth*: Unto my present Wife, Rease Lennon, I give and bequeath all the rest and residue of my Personal Estate, unconditionally.

*Fifth*: I hereby constitute and appoint my present Wife, Rease Lennon, Executrix of my Estate, to all intents and purposes, to duly execute this my last Will and Testament, without giving Bond."

No conveyance of the real estate other than by the will was shown. The court held that the will devised the subject real estate to Mrs. Chandler. Petitioners appealed.

*R. H. Burns, Jr., for petitioner appellants.*

*J. B. Eure for respondent appellees.*

BRITT, J.

Did Russell Lennon die intestate as to the lands in controversy? Construing the instrument in light of the following propositions, we conclude that he did not.

[1]   1.   The dispositive word "bequeath" is sufficient to include both personalty and realty. *Case v. Biberstein*, 207 N.C. 514, 177 S.E. 802.

[2]   2.   In its technical sense, "estate" refers to the degree, quantity, nature and extent of a person's interest in land. *Nicholson Corp. v. Ferguson*, 114 Okla. 16, 243 P. 195. In its ordinary usage, "estate" embraces a testator's entire property, real and personal. See *Trust Co. v. Wolfe*, 243 N.C. 469, 91 S.E. 2d 246.

[3]   3.   The words "personal estate" used in item four are sufficient to pass realty where such is the testator's intention as determined according to the applicable rules of construction. *Caracci v. Lillard*, 7 Ill. 2d 382, 130 N.E. 2d 514; *Davisson v. Sparrow*, 97 Ohio App. 117, 97 N.E. 2d 694.

[4, 5]   4.   The phraseology of the will is ambiguous or uncertain, so the presumption against partial intestacy as a rule of

construction is applicable. "The law presumes that when a man who is capable of doing so undertakes to make a will, he does not intend to die intestate as to any part of his property." *Case v. Biberstein, supra.*

[6] 5. The presumption against intestacy means that "where a will is susceptible to two reasonable constructions, one disposing of all of testator's property, and the other leaving part of the property undisposed of, the former construction will be adopted and the latter rejected * * *." *Holmes v. York,* 203 N.C. 709, 166 S.E. 889.

6. Testamentary recognition of the petitioners in item two coupled with their omission from the residuary clause indicates an intention to make a specific, limited bequest to them, and this bequest was made.

[7] 7. Item four is a residuary clause, and as such should be construed "so as to prevent an intestacy as to any part of the testator's estate, unless there is an apparent intent to the contrary, plainly and unequivocally expressed in the writing." *Faison v. Middleton,* 171 N.C. 170, 88 S.E. 141. The writing contains no such apparent intent.

The judgment of the superior court is

Affirmed.

BROCK and HEDRICK, JJ., concur.