RALPH CLAY PRICE AND FIRST CITIZENS BANK AND TRUST
    COMPANY, AS TRUSTEES OF "TRUST ONE" UNDER THE LAST WILL AND
    TESTAMENT OF ETHEL CLAY PRICE, DECEASED v. RALPH CLAY
    PRICE, INDIVIDUALLY; RALPH CLAY PRICE, AS EXECUTOR OF
    RALPH CLAY PRICE, JR., DECEASED; JULIAN PRICE II; RACHEL
    ILENE PRICE, A MINOR, LOUISE GARNER PRICE SMITH; THE
    UNBORN CHILDREN OF RALPH CLAY PRICE; THE UNBORN ISSUE OF
    JULIAN PRICE II; THE UNBORN ISSUE OF LOUISE GARNER PRICE
    SMITH; THE UNBORN ISSUE OF UNBORN CHILDREN OF RALPH CLAY
    PRICE; KATHLEEN PRICE BRYAN; JOSEPH McKINLEY, JR.,
    NANCY ANN BRYAN FAIRCLOTH, KATHLEEN BRYAN ED-
    WARDS; RAY HOWARD TAYLOR, A MINOR, JOSEPH McKINLEY
    BRYAN TAYLOR, A MINOR, KATHLEEN CLAY TAYLOR, A MINOR,
    JOHN GUEST TAYLOR, A MINOR, MELANIE ANN TAYLOR, A
    MINOR, MARY PRICE TAYLOR, A MINOR, SUSAN JARRELL ED-
    WARDS, A MINOR, LAURA DE BOISFEUILLET EDWARDS, A
    MINOR; THE UNBORN ISSUE OF KATHLEEN PRICE BRYAN; ANY
    OTHER HEIRS OF ETHEL CLAY PRICE, DECEASED, THAN THE OTHER
    DEFENDANTS TO THIS ACTION, WHO MAY BE IN EXISTENCE AT THE TER-
    MINATION OF "TRUST ONE" UNDER THE WILL OF ETHEL CLAY
    PRICE, DECEASED

No. 7118SC257

(Filed 14 July 1971)

1. Wills § 28— intent of testator

    The intention of the testator, as gathered from a consideration
of the will from its four corners, is the guiding principle in the in-
terpretation of a will, and such intention will prevail where not con-
trary to law or public policy.

2. Wills § 28—construction of will

    Where the intent of the testator is clearly expressed in plain and
unambiguous language, there is no need to resort to the general rules
of construction, and the will is to be given effect according to its ob-
vious intent.

3. Trusts § 8— testamentary trust —. persons entitled to income

    Where a testamentary trust provided that the trust income should
be paid to testatrix' son, that each of the son's children should receive
20% of the trust income after attaining the age of 21, and that all
of the remaining net income from the trust "not so paid" to the son's
children from and after each of them have attained the age of 21
should be paid to testatrix' son, and one of the son's children died
after he had been receiving income under the provisions of the trust,
*held*, the 20% share of the son's deceased child is income "not so
paid" and should be paid to testatrix' son.

    Judge MORRIS dissents.

APPEAL by defendants, guardians *ad litem*, from *Thornburg, Judge*, 7 December 1970 Civil Session of Superior Court held in GUILFORD County.

This is a civil action instituted pursuant to G.S. 1-253, *et seq.*, seeking an interpretation of the last will and testament and codicil of Ethel Clay Price.

The will and codicil, both dated 9 April 1943, were duly probated in Guilford County following the death of Mrs. Price on 26 October 1943. The administration and settlement of the estate is complete. This action involves the interpretation of a trust created by the will. The pertinent provisions of the will are as follows:

## "ITEM FOUR

"All the rest and residue of my property, of every kind and description, both real and personal, which is left after carrying out the provisions of the preceding items of this will, I hereby will, bequeath and devise unto the Security National Bank of Greensboro, Greensboro, North Carolina, its successor or successors in office, and my husband, Julian Price, his successor or successors in office, as trustees, to be by said trustees held, managed and disposed of in the manner and for the uses and purposes hereinafter set out. . . . As promptly as may be after the trust estate has been delivered to my said trustees, they shall divide said trust estate into two equal shares. . . . With respect to each of said shares my will is as follows:

## "TRUST ONE

"(a) To pay the net income from one of said shares, including accumulated net income, if any, in as nearly equal monthly installments as possible, to my son, Ralph C. Price, until his oldest living child shall have actually attained the age of twenty-one (21) years, whereupon my trustees shall pay twenty per cent (20%) of the net income from the aforesaid one share of my trust estate to my said son's oldest child, in as nearly equal monthly installments as possible, during the continuance of this trust. As each of the children of my son, Ralph C. Price, actually attains the age of twenty-one (21) years there shall be paid to each of them from and after the date each attains his or her ma-

jority twenty per cent (20%) of the net income from this trust estate during the continuance of this trust, as nearly as possible in equal monthly installments. All of the remaining net income from the aforesaid one share of this trust estate not so paid to the children of my son, Ralph C. Price, from and after they and each of them have attained the age of twenty-one (21) years, shall be paid, in as nearly equal monthly installments as possible, to my son, Ralph C. Price, so long as he shall live. In the event of the death of my son, Ralph C. Price, before the termination of this trust, I direct that said remaining net income from the aforesaid one share not so paid to the children of my said son and which he would have received if living shall be added to the principal or corpus of the aforesaid one share of the trust estate."

To date, Ralph Clay Price, Sr., has had four children: (1) An unnamed male infant born 19 April 1967 whose birth and death do not affect this action; (2) Louise Garner Price Smith, born 9 June 1943; (3) Julian Price II, born 4 June 1941; and (4) Ralph Clay Price, Jr., who was born on 10 November 1938, and died 23 May 1966.

Immediately prior to 23 May 1966, under the provisions of Trust One, Ralph Clay Price, Sr., was receiving forty percent of the net income from Trust One, while his children, Ralph Clay Price, Jr., Louise Garner Price Smith, and Julian Price II, each having reached the age of 21 years, were each receiving twenty percent of the Trust One income. The death of Ralph Clay Price, Jr., on 23 May 1966 gives rise to the question presented by this action: What disposition is to be had of the twenty percent share of the trust income that was being received by Ralph Clay Price, Jr., prior to his death.

Judge Thornburg, sitting without a jury, found as a fact that the primary intention of the testatrix, as expressed in her will, was to provide for her son, Ralph Clay Price, Sr. Based on this finding, Judge Thornburg concluded as a matter of law that Ralph Clay Price, Sr., subject to the provisions of the will should he have another child to reach the age of 21, was entitled to the twenty percent share of the trust income that was being received by Ralph Clay Price, Jr., prior to his death.

Defendants, Thomas E. Wagg III, guardian *ad litem* for the living and unborn children of Julian Price II; Harry J. O'Connor, Jr., guardian *ad litem* for the unborn children of Louise Garner Price Smith; Perry N. Walker, guardian *ad litem* for the unborn issue of the unborn children of Ralph Clay Price, Sr.; and Richard L. Wharton, guardian *ad litem* for the minor children of Kathleen Bryan Edwards; Ann Bryan Faircloth, the unborn issue of Kathleen Price Bryan, and any other heirs of the testatrix who may be in existence at the termination of "Trust One," excepted to the findings and conclusions of Judge Thornburg, and appealed to this Court.

*Joseph B. Cheshire, Jr., for Ralph Clay Price and First-Citizens Bank and Trust Company, as Trustees, plaintiff appellees.*

*Adams, Kleemeier, Hagan, Hannah & Fouts by John A. Kleemeier, Jr., for Ralph Clay Price, Individually, and Ralph Clay Price as Executor of Ralph Clay Price, Jr., defendant appellees.*

*Womble, Carlyle, Sandridge & Rice by Charles F. Vance, Jr., and Kenneth A. Moser for Louise Garner Price Smith and Julian Price II, defendant appellees.*

*Harry J. O'Connor, Jr., Perry N. Walker, Richard L. Wharton, Thomas E. Wagg III, and Donald K. Speckhard for defendant appellants.*

HEDRICK, Judge.

[1, 2] It is an elementary rule of construction that the intention of the testator or testatrix is the guiding principle to be used in the interpretation of wills, and such intention shall prevail where not contrary to law or public policy. *Olive v. Biggs,* 276 N.C. 445, 173 S.E. 2d 301 (1970); *Clark v. Connor,* 253 N.C. 515, 117 S.E. 2d 465 (1960). This intent is to be gathered from a consideration of the will from its four corners. *McWhirter v. Downs,* 8 N.C. App. 50, 173 S.E. 2d 587 (1970); *McCain v. Womble,* 265 N.C. 640, 144 S.E. 2d 857 (1965), and cases cited therein. However, where the intent of the testator is clearly expressed in plain and unambiguous language there is no need to resort to the general rules of construction for an interpretation. Rather, the will is to be given effect according to its obvious intent. *Trust Co. v. Whitfield,* 238 N.C. 69, 76

S.E. 2d 334 (1953) ; *Cannon v. Cannon,* 225 N.C. 611, 36 S.E. 2d 17 (1945).

[3]  In the instant case the testatrix, in the questioned portion of her will, expressed the intent that her son, Ralph C. Price, Sr., was to receive the income from Trust One. She then expressed the intent that the children of Ralph C. Price, Sr., were each to receive up to twenty percent of the income upon reaching the age of 21, with the proviso that under no circumstances was Ralph C. Price, Sr., ever to receive less than twenty percent of the income. The testatrix then by clear and unambiguous language made her intention known that "[a]ll of the remaining net income from the aforesaid one share of this trust *not so paid* to the children of my son, Ralph C. Price [Sr.], *from and after* they and each of them have attained the age of twenty-one (21) years, shall be paid, in as nearly equal monthly installments as possible, to my son, Ralph C. Price [Sr.], so long as he shall live."

Ralph C. Price, Jr., died *after* having reached the age of 21 and *after* he had been receiving income under the provisions of the trust. His death defeats the twenty percent share he had been receiving. Hence, this share falls within the clear language of the testatrix as income *"not so paid,"* and as such is to be paid to Ralph C. Price, Sr. The judgment of the Superior Court is affirmed.

Affirmed.

Judge BROCK concurs.

Judge MORRIS dissents.