CORA LEE PAYNE WATSON, LEE VERNON PAYNE, CHARLES ODELL PAYNE, JR., AND CURLEY LLEWELLYN PAYNE, PLAINTIFFS v. SHARON LEE FRYE SMOKER, RONALD EDWARD McBRIDE, SUSAN LYNN McBRIDE CHURCH, AND GARY CHURCH, DEFENDANTS

No. COA99-913

(Filed 16 May 2000)

## Wills— concurrent life estate and dower—ambiguous—presumption against intestacy

The trial court erred by ordering in a summary judgment that plaintiffs, the widow and children of testatrix's son, were the fee simple owners of property devised in a will where the will left to the testatrix's niece and the niece's children the tract of land on which the testatrix was living for the niece's natural life "in satisfaction of her dower." The will is ambiguous and subject to construction of the courts because the intent to provide the niece with a dower estate would be contrary to the granting of a con-

current life estate to the niece's children. Testatrix is held to have intended to devise her real property to her niece for her natural life and then to her children because the will did not have a residuary clause, so that a concurrent life estate with the children's interest terminating at the niece's death would result in an intestacy. There is a presumption of law against intestacy when a person makes a will.

Appeal by defendants from order filed 30 April 1999 by Judge Jeanie Reavis Houston in Wilkes County District Court. Heard in the Court of Appeals 25 April 2000.

*Robert P. Laney for plaintiff-appellees.*

*Cecil Lee Porter for defendant-appellants.*

GREENE, Judge.

Sharon Lee Frye Smoker, Ronald Edward McBride, Susan Lynn McBride Church, and Gary Church (collectively, Defendants) appeal the trial court's order granting summary judgment in favor of Cora Lee Payne Watson, Lee Vernon Payne, Charles Odell Payne, Jr., and Curley Llewellyn Payne (collectively, Plaintiffs) entered on 30 April 1999.[1]

On 28 October 1997, Plaintiffs filed a complaint and request for a declaratory judgment interpreting the will of Merica Canzada Payne (Testatrix). The will of Testatrix, probated on 22 December 1964, provides, in pertinent part, as follows:

> SECOND: I give and devise to my beloved niece, Carlene Payne McBride, and her children, namely: (Sharon Lee Frye [Smoker], Ronald Edward McBride and Susan Lynn McBride [Church], Their Mother, Carlene Payne McBride, my niece shall be the guardian of the children's part), the tract of land on which I now reside, Containing two and one-half acres, more or less, for her natural life, in satisfaction of her dower and third in all my lands. . . .

---

1. In its order granting Plaintiffs' motion for summary judgment, the trial court inadvertently omitted Curley Llewellyn Payne from the listing of the "Plaintiffs" and Gary Church from the listing of the "Defendants" in the caption of the "Order." Our review of the record does not disclose a dismissal for either of these two parties, and thus, we adopt the caption of the "Plaintiffs" and "Defendants" from their respective complaint and answer and the title page of the record, which include the names of Curley Llewellyn Payne and Gary Church, respectively.

Defendants, excluding Gary Church, are the children of Carlene Payne McBride (Carlene). Gary Church is the husband of Susan Lynn McBride Church. Carlene died on 17 October 1991. Cora Lee Payne Watson is the widow of Charles Payne, the son of Testatrix. Lee Vernon Payne, Charles Odell Payne, Jr., and Curley Llewellyn Payne are the children of Charles Payne and Cora Lee Payne Watson and the grandchildren of Testatrix.

The trial court, in a summary judgment, ordered "that . . . [P]laintiffs are the fee simple owners" of the two and one-half acres devised in the will.

---

The dispositive issues are (I) whether the language in the will is ambiguous, and if so, (II) whether a proper construction of the will places fee simple title in Carlene's children.

It is well established "that the primary object in interpreting a will is to give effect to the intention of the testator," *Misenheimer v. Misenheimer*, 312 N.C. 692, 696, 325 S.E.2d 195, 197 (1985), and this intent, where ascertained, will be given effect unless it violates some rule of law or is contrary to public policy, *Pittman v. Thomas*, 307 N.C. 485, 492, 299 S.E.2d 207, 211 (1983). A testator's intent is to be gathered from a consideration of the four corners of the will. *Sutton v. Quinerly; Sutton v. Craddock; Sutton v. Fields*, 231 N.C. 669, 679, 58 S.E.2d 709, 715 (1950). Where a testator's intent "is clearly expressed in plain and unambiguous language[,] there is no need to resort to the general rules of construction for an interpretation," because "the will is to be given effect according to its obvious intent." *Price v. Price*, 11 N.C. App. 657, 660, 182 S.E.2d 217, 219 (1971). Where a testator's intent is not clear and the will's terms are subject to more than one reasonable meaning, however, resort may be had to the courts for construction of the will. *Pittman*, 307 N.C. at 492, 299 S.E.2d at 211. "The authority and responsibility to interpret or construe a will rests solely on the court." *Trust Co. v. Wolfe*, 243 N.C. 469, 473, 91 S.E.2d 246, 250 (1956).

I

In this case, the will devises the real property to Carlene and her children for the natural life of Carlene. Without more, this language indicates an intent for Carlene's children to have a life estate *pur autre vie* (for the life of) Carlene. In other words, Carlene and her children were to have a concurrent life estate in the property, with Carlene's life constituting the measuring life. This is the construction

urged by Plaintiffs. This type of estate has been recognized by our courts, *see Brown v. Brown*, 168 N.C. 4, 13, 84 S.E. 25, 29 (1915); *see also* 1 Patrick K. Hetrick & James B. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina* § 5-2, at 84 (5th ed. 1999) [hereinafter 1 *Webster's Real Estate Law*], and generally arises when a parcel of land is conveyed or devised, for example, " '[t]o A for the life of B,' " 1 *Webster's Real Estate Law* § 5-2, at 84. The language in the will that Carlene was to serve as "the guardian of [her] children's part," which of course could occur only during Carlene's life, is consistent with a construction the children's interest was to terminate at Carlene's death.

The will also provides, however, the devise to Carlene is "in satisfaction of [Carlene's] dower" interest. Although Carlene was not entitled to a dower interest in her aunt's property,[2] the language in the will does suggest the Testatrix believed Carlene was entitled to such an interest and intended the will to satisfy that obligation. The devise of a concurrent life estate in property would not have satisfied a dower obligation. *See Sheppard v. Sykes*, 227 N.C. 606, 609, 44 S.E.2d 54, 56 (1947); *see also* 28 C.J.S. *Dower and Curtesy* § 64, at 147-48. The intention of Testatrix to provide Carlene with a dower estate would, thus, be contrary to the granting of concurrent life estates to Carlene's children and reasonably supports a construction that Testatrix intended Carlene to have a life estate in the property, with Carlene's children having the remainder interest. *See* 31 C.J.S *Estates* § 70, at 124 (1996) ("remainder is a remnant of an estate in land, depending on a particular prior estate, created at the same time and by the same instrument and limited to arise immediately on the determination of the prior estate and not in abridgement of it"). This is the construction urged by Defendants. Because the intent of the Testatrix is not clear and subject to two reasonable meanings, the will is ambiguous and subject to construction by the courts.

II

There is a presumption of law, under the general rules of will construction, against intestacy when a person makes a will, *see* 1 Norman Adrian Wiggins, *Wills and Administration of Estates in North Carolina* § 133, at 230; *see also Lesane v. Chandler*, 9 N.C.

2. The estate of dower was abolished by statute in 1960 in North Carolina. *See* N.C.G.S. § 29-4 (1999). In any event, when it did exist, it was a right, belonging only to the widow of the decedent, "to an estate for life in one-third of all the land in which the husband had an estate of inheritance during coverture." 2 Norman Adrian Wiggins, *Wills and Administration of Estates in North Carolina* § 194, at 2 (3d ed. 1993).

App. 33, 36, 175 S.E.2d 351, 353 (1970), which provides that when "a will is susceptible to two reasonable constructions, one disposing of all of the testator's property, and the other leaving part of the property un[-]disposed of, the former construction will be adopted and the latter rejected," *Lesane*, 9 N.C. App. at 36, 175 S.E.2d at 353. A will should not, therefore, be construed in such a way that results in " 'partial intestacy . . . unless such intention appears clearly' " in the will, because " 'the courts . . . prefer any reasonable construction, or any construction which does not do violence to testator's language, to a construction which results in partial intestacy.' " *Holmes v. York*, 203 N.C. 709, 712, 166 S.E. 889, 890 (1932) (quoting 1 William Herbert Page, *Page on Wills* § 815, at 1383-84 (2d ed. 1926)).

The first reasonable construction, as urged by Plaintiffs, would result in Testatrix dying partially intestate. This is so, because, after Carlene's death, her children's (Defendants') interest in the property would end, *see* 1 *Webster's Real Estate Law* § 5-1, at 83 (life estate terminates upon the death of designated person), the property would revert back to the estate of Testatrix, *see* 31 C.J.S. *Estates* § 104, at 172 (reversion arises by operation of law whenever grantor has conveyed less than his whole estate), and the will does not have a residuary clause to dispose of the property. Whereas, the second reasonable construction, as urged by Defendants, would result in the complete disposition of the estate of Testatrix, because at Carlene's death, her children's remainder interest would become a present possessory estate in fee simple absolute.

Accordingly, we accept Defendants' proposed construction of the will and hold Testatrix intended to devise her real property to Carlene for her natural life and then to Carlene's children. Defendants, consequently, were vested at the death of Carlene with the fee simple ownership of the property described in the will. The judgment of the trial court is, therefore, reversed and remanded for the entry of a judgment declaring Defendants to be the owners of the property described in the will.

Reversed and remanded.

Judges McGEE and EDMUNDS concur.