EMMA H. DACY, Admx., *et al.* Appellants, *vs.* GEORGE G. GOLL, *et al.* Appellees.

*Opinion filed December 22, 1909.*

1. APPEALS AND ERRORS—*when question of competency of evidence is waived.* An administratrix *de bonis non* who petitions the court to sell real estate to pay a claim in which she has an interest as legatee of the deceased claimant may waive the question of the competency of a defendant's testimony in derogation of the claim, and if no objection was made to his testimony when he was examined, the question is waived and cannot be raised on appeal.

2. BILLS AND NOTES—*when note is without consideration—gifts.* Upon petition to sell real estate to pay a claim allowed on a note for $10,000 made by the deceased to one of her sons, proof that the payee, at the time the note was made, was a minor living with his parents, having no property of his own and working for his father for $75 a month, shows that the note was without consideration and justifies dismissing the petition.

3. EVIDENCE—*what evidence is incompetent to show source of gift.* In a proceeding to sell land to pay a claim allowed on a note made by the deceased to one of her sons, testimony by the defendants, who are interested in the claim as legatees of the deceased payee, that the payee had said that the gift was from his father, is incompetent.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Probate Court of Cook county; the Hon. CHARLES S. CUTTING, Judge, presiding.

JOHN LEO FAY, (ALBERT G. WELCH, and FRANCIS W. WALKER, of counsel,) for appellants.

DURAND & CUNNINGHAM, and BARR, BARR & BARR, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Emma A. Goll, of the city of Chicago, died intestate on September 5, 1900, leaving real and personal estate in that city and leaving as her only heirs-at-law her four children, Bruno H. Goll, Emma H. Dacy, I. Blanche Cushing and George G. Goll. Bruno H. Goll was appointed administrator of her estate, and filed a claim against the estate founded on a promissory note made by Emma A. Goll, dated October 1, 1896, for $10,000, payable four years after date to Bruno H. Goll, on which $4000 had been credited. An attorney was appointed to defend the estate and the claim was allowed as of the seventh class, to be paid in due course of administration. Bruno H. Goll died on September 27, 1905, leaving his brother, George G. Goll, and his sisters, Emma H. Dacy and I. Blanche Cushing, his only heirs-at-law, and the two sisters were the sole legatees and devisees under his will. Emma H. Dacy was appointed administratrix *de bonis non* of the estate of Emma A. Goll, deceased, and on February 18, 1907, filed her petition to subject the real estate to the payment of the claim of Bruno H. Goll, all other claims against the estate having been paid. The defendants were the petitioner, Emma H. Dacy, in her own right, I. Blanche Cushing and George G. Goll, with other parties interested.

Emma H. Dacy in her own right, and I. Blanche Cushing, who were the sole legatees and devisees under the will of the claimant, answered, consenting to the decree prayed for, but George G. Goll defended, and alleged that there was no consideration for the promissory note on which the claim was based. The court heard the testimony and found that the note was a gift from Emma A. Goll, deceased, to her son Bruno H. Goll during his minority, and denied the prayer of the petition and dismissed the same. From the decree the petitioner, Emma H. Dacy, as administratrix *de bonis non,* and the defendants, Emma H. Dacy in her own right and I. Blanche Cushing, appealed to the Appellate Court for the First District. The Appellate Court affirmed the decree, and a further appeal was prosecuted by the same parties to this court.

It was proved that Bruno H. Goll, at the time the note was made, was not twenty-one years of age and was living with his parents and working as a clerk in his father's drug store for $75 a month, and that he had no property or means and was accustomed to borrow small sums of money from friends. He spent his earnings, and his father was quite liberal in making presents to him of diamonds and money in moderate amounts. His father died in October, 1898, and Emma A. Goll was appointed administratrix and sold the stock of drugs which belonged to her husband's estate to Bruno H. Goll for $4000, and that sum was paid by crediting it on the note, as shown by an endorsement thereon. No question is raised as to the competency of this testimony and it was sufficient to show that there was no consideration for the note. George G. Goll was a witness and testified that Bruno H. Goll told him and his sisters that he received the note as a present from his mother, and there was some discussion among them whether that was exactly fair to the others. It is now claimed that this testimony was incompetent on the ground that the petitioner was suing as administratrix, but that objection was

not made when the witness was examined, and as the petitioner was competent to waive the objection, it must be regarded as having been waived and cannot be considered when first raised on appeal. (*Doty* v. *Doty,* 159 Ill. 46; *Dewees* v. *Osborne,* 178 id. 39.) The petitioner, Emma H. Dacy, and I. Blanche Cushing, testified concerning the same conversation, and Emma H. Dacy did not recollect any statement of her brother that the note was a present from his mother. She testified there was some discussion whether it was entirely fair, so long as her father had given her brother $10,000 and her mother had given a note for it, that the others also did not have notes. I. Blanche Cushing testified that Bruno said the note was a present from his father. The note was dated October 1, 1896, and the next day Bruno H. Goll, Sr., joined with his wife, Emma A. Goll, in a mortgage for $20,000 on her real estate, and upon that fact and the testimony of Emma H. Dacy and I. Blanche Cushing counsel construct the theory that the father might have made a present to the son and the mother might have made the note as a consideration for the father releasing his inchoate right of dower in the real estate by joining in the mortgage. Counsel are of the opinion that we ought to adopt that theory of what might have happened in preference to holding that the note was without consideration, but we would not be justified in finding a fact from mere possibility that it might have existed, and as the only evidence that the gift came from the father consisted of the testimony of the defendants concerning declarations of the payee of the note, there was no competent evidence that the gift came from that source. The amount of the supposed consideration for the release of an inchoate right of dower also renders the theory extremely improbable.

The judgment is affirmed.                    *Judgment affirmed.*