(No. 14706.—Judgment affirmed.)

L. A. MOREY, Defendant in Error, *vs.* WESLEY M. BROWN, Plaintiff in Error.

*Opinion filed October 21, 1922—Rehearing denied Dec. 12, 1922.*

1. APPEALS AND ERRORS—*objections to evidence cannot be first raised in court of review.* A party will not be permitted to urge objections to evidence in a court of review which were not urged in the trial court.

2. EJECTMENT—*a tax deed cannot be introduced to overcome prima facie case made by sheriff's deed.* In ejectment by the purchaser at an execution sale it is sufficient if he shows a valid judgment and execution and a sheriff's deed to himself, as the sheriff's deed is *prima facie* evidence of compliance with the law; and a tax deed is not, of itself alone, admissible in evidence to overcome the *prima facie* case made by the sheriff's deed. (*Glanz* v. *Ziabek,* 233 Ill. 22, followed.)

3. SAME—*when demand for possession is not necessary.* The plaintiff in ejectment is not required to make a demand for possession before instituting proceedings, where he and the defendant claim under hostile or independent titles and there is a want of privity between the parties with respect to the premises sought to be recovered.

4. JUDICIAL SALES—*sale en masse is not ground for objection in absence of fraud.* Sale of property *en masse* or for an inadequate price may render a judicial sale voidable but not void, and a sale *en masse* cannot be complained of where nothing is shown in the record to indicate that there was any fraud in the sale by the sheriff or that any harm was caused to any of the parties interested.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. JAMES S. BALDWIN, Judge, presiding.

LEE & LEE, and H. C. LUALLEN, (JOHN A. WALGREN, of counsel,) for plaintiff in error.

WILEY & MOREY, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Defendant in error, L. A. Morey, instituted ejectment proceedings in the circuit court of Macon county against plaintiff in error, Wesley M. Brown. On a trial before

a jury a verdict was rendered in favor of defendant in error. A motion for new trial was granted under the statute and a second trial was had before the court, a jury being waived, and judgment was again entered in favor of defendant in error. From this last judgment an appeal was prayed to this court but not perfected, and later this writ of error was sued out.

The property over which this litigation arose consists of a fifty-acre farm in Macon county, originally owned and occupied for many years prior to his death, in 1910, by William Evans. In 1898 he deeded the land to Amos C. Evans and his bodily heirs, reserving to the grantor the rents, use and right to control the premises for his natural life. Plaintiff in error testified that he became an occupant of the premises about March 1, 1913, and has resided there continuously up to the time of the hearing, part of the time under a lease from Arthur Evans, a son of William Evans, part under a lease from Troy Evans, and part under a deed to himself. It appears from the record that the property was sold for taxes for the year 1916 and a tax deed to forty acres of the farm was issued to F. B. Sawyer on July 22, 1919, and that the latter gave a quit-claim deed to plaintiff in error dated February 28, 1920, acknowledged April 8, 1920, and recorded the following day. Defendant in error's claim of ownership is based upon a sheriff's deed issued to her in February, 1920. This deed was issued upon a certificate of purchase which was assigned to her by the assignee of certain persons who had recovered a judgment in 1914 against Amos C. Evans before a justice of the peace and had filed a transcript of said judgment with the clerk of the circuit court.

On the hearing in the trial court, after defendant in error had introduced the sheriff's deed and certain other proof, plaintiff in error offered the tax deed heretofore referred to, which the court refused to admit. It is argued

earnestly by counsel for plaintiff in error that the court erred in refusing to admit the tax deed as showing *prima facie* title to the land in question in plaintiff in error. It . is also objected that the sheriff's deed was improperly admitted in evidence; that the levy and sale under execution upon which it was based failed to give a fee simple title to defendant in error. The count in the declaration described the whole fifty-acre tract, stating that the plaintiff "claims for the term of the life of one Amos Clifford Evans, who is still living," and there is no qualification as to the estate conveyed by such deed. The form of a sheriff's deed is given by statute, and such statute also provides that the deed shall convey the title, estate and interest of the person against whom the execution was issued. (2 Hurd's Stat. 1921, secs. 31, 32, p. 1925.) The objection now urged against the validity of the sheriff's deed was not urged in the trial court, according to the abstract before us. Plaintiff in error's only objection at the trial was on the ground of variance in the descriptions in the declaration and the deed and that no demand was shown. It is a settled rule of this court that a party will not be permitted to urge objections in a court of review which were not urged in the trial court. (*Dacy* v. *Goll*, 242 Ill. 606.) Furthermore, the sheriff's levy, as shown by the record, covered all the interest of the judgment debtor in the same fifty acres described in the declaration. The sheriff's deed is *prima facie* evidence that the provisions of the law in relation to the sale of the property for which it is given have been complied with. (2 Hurd's Stat. 1921, sec. 33, p. 1925.) It has been held by this court that in an action of ejectment by the purchaser at an execution sale it is sufficient if he shows a valid judgment and execution and a sheriff's deed to himself, as he thereby establishes in himself whatever title the defendant had. (*Livingston* v. *Moore*, 252 Ill. 447.) In that case this court said, quoting from *Osgood* v. *Blackmore*, 59

Ill. 261, that this rule is so familiar that it needs no cita-
tion of authorities to support it. There can be no ques-
tion, under these authorities, that the sheriff's deed as
found in the record furnished *prima facie* proof of title
in defendant in error.

The only evidence that plaintiff in error offered to
combat this *prima facie* proof is the tax deed for forty
acres, under which he claims. In order to overcome the
*prima facie* title shown by defendant in error the validity
of the tax deed must be shown. This court had under
consideration a similar question in *Glanz* v. *Ziabek,* 233 Ill.
22, when the statute, so far as the question under consid-
eration is concerned, was the same as it is now, and there
said (p. 24) : "It is next contended by the appellants that
although it be admitted the plaintiffs showed a *prima facie*
right to recover, such *prima facie* case was overcome by a
tax deed to said premises which they held and which they
offered in evidence but which the court declined to admit
in evidence. This court has repeatedly held that a tax deed
depends upon a strict compliance with the statute, and such
deed cannot be received as evidence of paramount title un-
less the proceedings anterior to the execution of the tax
deed required by the statute,—that is, a judgment, precept,
notice, etc.,—have been had. [Citing authorities.] We
think, therefore, the tax deed held by appellants upon said
premises alone did not overcome the *prima facie* case made
by the plaintiffs, and that the court did not err in declin-
ing to admit the same in evidence." We see no way to
distinguish that case, both on the facts and law, from this
case, and the trial court did not err in refusing to admit the
tax deed in evidence, on the record before us.

Other questions raised by counsel for plaintiff in error
as to the refusal to admit the tax deed are fully covered,
in our judgment, by the reasoning of this court in the
case of *Glanz* v. *Ziabek,* just cited.

It is also urged by counsel for plaintiff in error that the record shows that at the sheriff's sale the property was sold *en masse* and that the price was inadequate. It has been held by this court that objections to a judicial sale upon the ground that the property was sold *en masse* or for an inadequate price are objections which at most merely make the sale voidable and not void. (*Clark* v. *Glos,* 180 Ill. 556.) Nothing is shown in the record to indicate that there was any fraud in the sale by the sheriff or that any harm was caused to any of the parties interested by the sale of the property *en masse.* Under the reasoning of this court in *Clark* v. *Glos, ·supra,* and other authorities, plaintiff in error cannot complain, on the record, as to the sale of the property *en masse* or as to inadequacy of price.

Plaintiff in error also insists that the record does not show a notice or demand for possession by defendant in error before the institution of the ejectment proceedings. In this case the plea of the plaintiff in error in the trial court was the general issue. Under the facts shown in the record no demand or notice was necessary. "A notice to quit or demand for possession  *  *  *  is never required where there is a want of privity between the parties to the suit with respect to the premises sought to be recovered. In other words, where the parties, respectively, claim under independent, hostile titles, the law of notice to quit or demand of possession has no application." (*Harland* v. *Eastman,* 119 Ill. 22.) On the record, beyond doubt the plaintiff in error and the defendant in error claimed under hostile or independent titles, and therefore under the ruling in the case just referred to and the authorities there cited, and also *Mapes* v. *Vandalia Railroad Co.* 238 Ill. 142, defendant in error was not required to make a demand for possession before instituting these proceedings.

We find no error in the record, and the judgment of the circuit court will be affirmed.          *Judgment affirmed.*