(No. 23463.—)

MERTELL WICKIZER, Appellant, *vs.* MERRITT WHITNEY.—
(FRANK E. SHOPEN, Exr., *et al.* Appellees.)

*Opinion filed June 10, 1936—Rehearing denied October 7, 1936.*

DeGoy B. Ellis, and Paul M. Hamilton, for appellant.

Earl R. Shopen, for appellees.

Mr. Chief Justice Herrick delivered the opinion of the court:

Under appropriate pleadings originated by the filing by the appellant of a complaint for partition of real estate which the decedent owned at her death, a construction of the will of Rachel C. Probert, deceased, was sought in the circuit court of Kane county.

The testatrix, a resident of Kane county, died testate on June 30, 1934, leaving surviving no husband, parents, descendants, brothers or sisters, but leaving certain next of kin as her only heirs-at-law. Her will was duly admitted to probate. The first paragraph of her will is as follows: "Be it known that I, Rachel C. Probert, of the town of Campton, State of Illinois, have a desire to have my property and belongings divided and given as herein written do so will, bequeath and devise," etc. Provisions follow for the payment of debts, a bequest of $150 in trust for the care of a cemetery lot, and the erection of a monument to cost not more than $300. The will then continues: "Then if I am possessed of the same or nearly the same as I now have, there will be ten thousand dollars." Immediately succeeding this last statement the testatrix makes general pecuniary bequests to relatives and others totaling $13,100, and states: "If my estate shall exceed this bequest it may be added to each in proportion, the same be deducted if it falls short. I desire Judge Frank Shopen of Elgin for administrator and to settle with as little show and trouble as possible." At the time of making her will, and also at the time of her decease, the testatrix was the owner of a residence property in the village of Wasco. It is undisputed

that the value of the personal estate left by the decedent exceeded by over $5000 the total amount of the pecuniary legacies.

Final decree was entered by the circuit court denying partition and finding the equities against the appellant and in favor of appellees; that the legacies of Mrs. Louie Bell, Daniel Whitney, John Whitney and Max Whitney under the terms of the will had lapsed by reason of their deaths prior to the death of decedent; that Rachel C. Probert died leaving real and personal estate in excess of the aggregate of the specific legacies set forth in her will, and "that by a proper construction of the terms and provisions of the last will and testament of Rachel C. Probert, deceased, all of the property of the said Rachel C. Probert, deceased, both real and personal, was bequeathed and devised to the beneficiaries therein named, title to the real estate vesting in Frank E. Shopen as executor of her last will and testament for the purpose and with the power to make sale and conveyances thereof and to execute deeds or other necessary documents to accomplish the same and proportionately apply the proceeds thereof on the shares bequeathed and devised to the specifically named beneficiaries in the will and that the personal property in excess of the aggregate of the specific legacies is also testate property to be used by the executor to increase the specific legacies proportionately," and decreeing the rights and interests of the parties in the estate by a proper interpretation of the decedent's will were the fractional parts of the estate as itemized therein, basing such fractional interests according to the amounts of the respective legacies shown in the will; finding that the lapsed legacies of the deceased heirs, representing 50/131 fractional part of the estate, be administered by the executor as intestate estate, ordering a sale and conveyance of the real estate to be made by the executor as testate property and the net proceeds thereof added to the estate and distributed to the legatees according to their respective

fractional interests as found by the court, and denying the prayer for partition. From this final order the cause has been appealed to this court.

The appellant by her assignment of errors contends that decedent's real estate was not disposed of by her will either expressly or by implication but descended to her heirs-at-law as intestate property, and therefore it was error to deny partition. The will does not by express terms mention real estate. It becomes material to determine whether the intention of the testatrix relative thereto can be ascertained from the language of the will itself in the light of the facts surrounding the testatrix at the time the will was made.

In seeking to determine the intention of the testatrix certain well established rules of law suggest themselves for our guidance. We are not permitted to fix the testatrix's intention on the basis of what conjecture might suggest existed in her mind but only through that which by the words used in the will she has expressed. (*Engelthaler* v. *Engelthaler*, 196 Ill. 230; *Boys* v. *Boys*, 328 id. 47.) However, it will be presumed that it was the intention of the testatrix to dispose of her entire estate unless such presumption is clearly rebutted by the provisions of her will. (*Bond* v. *Moore*, 236 Ill. 576; *McClure* v. *McClure*, 319 id. 271.) Any reasonable construction consistent with the terms of the instrument will be adopted so as to dispose of the entire estate rather than to hold an intention on the part of the testatrix to die testate as to a portion and intestate as to another portion of her property. (*Munie* v. *Gruenewald*, 289 Ill. 468; *Alford* v. *Bennett*, 279 id. 375; *McClure* v. *McClure, supra.*) The presumption against intestacy is strengthened where the will contained a statement of the testatrix in the beginning of the will, in substance, that it was made for the purpose of disposing of her estate. (*Guerin* v. *Guerin*, 270 Ill. 239.) "Every word of the will is supposed to have some significance and should be considered in arriving at a determination as to the intention

of the testator. \* \* \* The entire plan of the will, together with the facts surrounding the testator at the time of its execution, is to be considered." *Chapin* v. *State Treasurer,* 361 Ill. 645.

It is to be borne in mind that at the time the testatrix executed the will she owned the real estate in question, and by the first paragraph of her will declared, in substance, her desire to have her property divided and bequeathed as set forth in her will. Considering this portion of the instrument standing alone, the language used clearly negatives an intent to dispose of a part of her property only, the words "my property and belongings" being all-inclusive in their scope and obviously signifying all her property. The terms "property and belongings," (Black's Law Dict. (3d ed.) p. 1447,) and "bequeath and devise," (1 Words and Phrases (2d series) pp. 430, 431,) both in their ordinary legal meaning as well as in common usage, have reference to and include real estate as well as personal property.

It is significant that while the testatrix mentions the sum of only $10,000 she makes general pecuniary legacies totaling $13,100. The conclusion cannot logically be drawn from this fact that an intention of the testatrix was thereby disclosed to dispose of anything less than the whole of her estate. The provision of the will to the effect that "if my estate shall exceed this bequest it may be added to each in proportion," taken in connection with its prior provisions, indicated an unmistakable intention to include any omitted property. While the specific words "real estate" do not appear in the instrument and the payment of the money legacies is not in express terms made a charge against her real estate, the term "real estate" in a will is not necessarily required in order to make disposition of that species of property if any other term or language is used by the testatrix broad enough to include real estate. The word "property" is such a term. The fact that the estate is disposed of in the form of pecuniary legacies but that such

legacies are not in express terms charged against the real estate does not rebut the legal presumption that it was the intention of the testatrix to dispose of her entire estate. An intention to charge the payment of legacies against real estate may be implied from the whole will, taken together. We conclude that the words of the will expressed an intention of the testatrix to dispose of her entire estate and that her real estate did not descend as intestate property.

Appellant further contends the decree of the circuit court was erroneous in finding that the personal estate in excess of the aggregate amount of the specific money legacies was testate property. However, that portion of the will, "if my estate shall exceed this bequest it may be added to each in proportion," while not in the usual language of a residuary clause, expressed a clear intention to include all property in excess of that specifically bequeathed, and therefore constitutes, in legal effect, a disposal of the residue of her estate. It was conceded by all parties to the proceeding that the legacies of Mrs. Louie Bell and Daniel Whitney of $2000 each, and one-half the legacy of $2000 to John Whitney, lapsed by reason of the deaths of such legatees before the death of the testatrix, and that the amount given by the will to such legatees descended to the heirs-at-law of the decedent as intestate estate, and the decree so finds.

Appellant urges, however, that if the real estate and excess personal estate are held to be testate estate, under our holding in *Dorsey* v. *Dodson,* 203 Ill. 32, the same should be applied to augment the lapsed legacies to the same extent *pro rata* as the legacies to the survivors, and that such lapsed legacies as so proportionately increased descended to the heirs of the testatrix as intestate estate. A proper construction of the decree shows that it did so provide, and such finding was correct. *Decree affirmed.*