## In re Estate of Muriel Phelps, Deceased.
John G. Schumacher, Executor of Last Will and Testament of Muriel Phelps, Deceased et al., Appellants, v. Lloyd H. Brown, Administrator of Estate of Ella Batcheller, Deceased, Appellee.

### Gen. No. 10,391.

Opinion filed January 10, 1950. Rehearing denied February 7, 1950. Released for publication February, 9, 1950.

WARD & WARD and J. J. LUDENS, all of Sterling, for appellants.

SHELDON & BROWN and ALEXANDER L. HAGLUND, all of Sterling, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

John G. Schumacher, executor of the last will and testament of Muriel Phelps, deceased, filed his report in the county court of Whiteside county, asking for instructions how to distribute certain funds in his hands, as such executor. The controversy was between Lloyd H. Brown, administrator of the estate of Ella Batcheller, deceased, who was the only heir-at-law of Muriel

Phelps, deceased. The county court held that the money in question was intestate property and should go to the administrator of the Batcheller estate. Schumacher as such executor took an appeal to the circuit court and at a hearing there, the court also held that the property in question, was intestate property, and should go to Brown as administrator of the Batcheller estate. An appeal has been perfected to this court.

The appellee has filed a motion to dismiss the appeal, because he claims the appeal from the county court to the circuit court was not properly taken. This motion was taken with the case and after a full consideration of the same, the motion to dismiss the appeal is denied.

██ The case presented to this court for our consideration involves the construction of the will of Muriel Phelps. The pertinent parts of the will in question are as follows: ''For the purpose of carrying out the provisions of this will, I give, devise and bequeath to my executor hereinafter named, all my real estate, and all the personal property not herein specifically bequeathed, with full power to sell and convert the same into cash, to give proper deeds of conveyance, and to do whatever is necessary for the purpose of liquidating said estate; that after the payment of all costs and expenses in connection with said estate, I give, devise and bequeath the proceeds thereof to the following persons and associations.'' Then follows a list of persons and associations with specific sums set forth after their respective names and the following paragraphs: ''In case of death of any of the above persons or in case any of said Boards or Institutions mentioned above ceases to exist as such Board, Institution, or organization, then the bequest herein made to such person, persons, or institutions shall lapse and the share of each shall be divided among the remaining persons or institutions mentioned as devisees in this paragraph of the Will.'' ''In case the proceeds under

305

this paragraph are not sufficient to carry out the provisions herein, then each share shall be abated in proportion to the amount bequeathed to them." There is no expressed provision for the division of any excess, which omission creates the problems here involved.

The testatrix provided that if there was not enough money or property to pay all the specific bequests, that each of the legacies should be abated in proportion to the amount bequeathed to them, but it does not provide for the contingency that has arisen in this case; namely, that instead of being a deficiency, there is a surplus of over $14,000. The legatees under the will claim that this should be given to them under the terms of the will, and the heir-at-law contends that this is intestate property and should descend to the heirs. One of the cases relied upon by the appellants to sustain their contention that this is not intestate property, is *Wickizer v. Whitney,* 364 Ill. 125. In this case there is a vast difference in the wording of the will from the one that we are now considering, as there is a provision in that will "if my estate shall exceed this bequest it may be added to each in proportion," etc. The question in the former case was whether or not real estate valued at $5,000 was covered under the will, and the court there held that from the whole contents of the will that it was the intention of the testator that all of his property should be disposed of, and that it was not intestate property.

The case of *Minkler v. Simons,* 172 Ill. 323, is in many respects similar to the one that we are now considering, and the court in discussing the case uses this language: "The testator merely revoked that part of the will in which the one-third was given to Thomas, but made no provision whatever where that one-third should go. No doubt the fact that the testator made no provision for the disposition of that one-third was an oversight of the person who drafted the codicil, but the court has no power to remedy the difficulty.

"The question then to be determined is, what becomes of the one-third devised originally to the testator's son, Thomas? The will and codicil make no provision whatever for its distribution. Neither the will nor the codicil contains a single word on the subject. There is, therefore, nothing to warrant a presumption of an intention on the part of the testator to make a disposition of the revoked share of the estate, except as to the sum of $1,200. However reluctant courts may be to hold that a portion of the property of a testator shall be regarded as intestate property, they cannot do otherwise where, as in this case, there is nothing tó show an intention on the part of the testator to dispose of the property. Where a testator devises to three of his children property as tenants in common, and subsequently revokes the devise as to one and makes no disposition whatever of the share revoked, such share will not go to the other two, but it will descend as provided in the Statute of Descent."

The case of *Dahmer v. Wensler,* 350 Ill. 23, the Supreme Court had to construe a will and we find this language: "The succession to real estate prescribed by the Statute of Descent can only be superseded by a valid testamentary disposition. (*Desmarteau v. Fortin,* 326 Ill. 608; *Wiltfang v. Dirksen,* 295 id. 362; *Mills v. Teel,* 245 id. 483). The heirs of a testator cannot be disinherited upon mere conjecture, and when the testator intends to disinherit them he must indicate that intention clearly either by express words or by necessary implication. The existence of a will does not give rise to the presumption that the testator intended a disposition of his property inconsistent with the Statute of Descent for the law favors that construction of a will which conforms most nearly to the general law of inheritance. (*Wright v. Denn,* 10 Wheat. (U. S.) 204; *Wilkins v. Allen,* 18 How. (U. S.) 385; *Boys v.*

307

*Boys,* 328 Ill. 47; *Desmarteau v. Fortin,* 326 id. 608; *Smith v. Garber,* 286 id. 67; *Straw v. Barnes,* 250 id. 481). In *Dollander v. Dhaemers,* 297 Ill. 274, this court said: 'Where there is an ambiguity existing in a will, unless there is a manifest intention to the contrary, the presumption that the testator intended that his property should go in accordance with the laws of descent and distribution will be applied as an aid in construing the will; hence such a construction should be given the will as favors the heirs-at-law or next of kin in preference to disinheritance, or to strangers or persons not so closely related to the testator.' "

We have been unable to find in our own reports any case where the same question was presented as we now have before us, but in the case of *In re Seay's Estate,* 180 Cal. 304, 181 Pac. 58; *Marsh v. Seay,* Id., the will uses practically the same language as the case we are now considering. In discussing the matter the court states: "The trial court held that the remainder of the estate, after paying all legacies specified in the will, consisted of $300,000, and that as to such excess the will made no disposition, and distributed said amount equally to the 16 surviving nieces and nephews of the deceased. . . . Two facts are patent from the will: First, the intention of the testator during his lifetime to dispose of all property, not devised or bequeathed in the will by gift and advancements; second, that the testator regarded his nephews and nieces with equal affection, and considered them equally entitled to his bounty, but not equally needy. There is no indication that these nieces and nephews in the clause under consideration were to be specially favored. On the contrary the amounts bequeathed them were to be abated pro rata if the estate was insufficient to pay the same in full, while the other legacies were to be paid in full. It is plain that the testator failed to make any provision for the contingency of there being an excess

308

over the amounts therein bequeathed, and that such excess must be distributed to the heirs-at-law.''

We realize that this case is not binding on an Illinois court, but we think the reasoning of the California case is well-founded, and is a good guide in passing upon the merits of the present controversy.

It is our judgment that the circuit court properly held that the money in question is intestate property, and should be paid to the administrator of the estate of Ella Batcheller, deceased.

*Affirmed.*