(No. 33702.—)

JOSEPH B. CARACCI, Appellee, *vs.* LENORE SCHNAEDTER LILLARD *et al.*, Appellants.

*Opinion filed November 30, 1955*

WILLIAM LEVINE, of Chicago, for appellants.

REUM & COSTELLO, and BOYLE, MURPHY & WALSH, both of Chicago, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Defendants Lenore Schnaedter Lillard and her husband appeal from a decree of the circuit court of Cook County

granting partition of certain real estate formerly owned by her mother, Anna Schnaedter, deceased.

The record shows that on January 17, 1945, Anna Schnaedter died testate owning the real estate in question, which consists of a two-story building containing two flats, one of which she occupied as a home. She owned the premises when her will was executed on July 1, 1937. The will, after directing the payment of debts and expenses of administration, provides as follows:

"III. All the rest and residue of the personal estate of which I may die seised, I do hereby devise and bequeath to my beloved daughter, Lenore.

IV. I hereby nominate and appoint my said beloved daughter, Lenore, to be the executrix of my estate, subsequent to my demise.

V. In the event that my said beloved daughter, Lenore, should predecease me, or die during the administration of my estate, I do hereby nominate and appoint my beloved son, Beryl, to be the successor executor of my estate, subsequent to my demise.

VI. I do further give my said executrix or successor executor, power to sell, rent, pledge, mortgage, repair, pay personal property taxes on, and conserve in any manner, any and all personal property which becomes a part of my said estate at the time of my death, the same as I could, were I alive."

The decedent left five children as her heirs, two of whom subsequently conveyed their alleged interests in the premises to the plaintiff, Joseph B. Caracci, an attorney. On September 25, 1953, he filed the present complaint for partition and an accounting, alleging that the decedent died intestate as to the real estate, that it descended to the five children as tenants in common, and that by virtue of the conveyance from two of the children plaintiff became seized in fee simple to an undivided two-fifths. The alleged proportions of the remaining children were set forth accordingly.

By their second amended answer Lenore and her husband alleged that the will disposed of the entire estate, both personal and real property, and that Lenore became the sole owner thereof. It is further alleged that when the

will was made Anna Schnaedter was a widow whose sole income consisted of rent for the flat and some dividends on corporate stock; that Lenore, who was then unmarried, lived with her mother, contributed to the support of her mother, and performed housework and janitor work in the building; that the other children were married, lived away from the mother, contributed nothing to her support, and had been assisted financially by their father in his lifetime. The answer also sets forth that after her mother's death Lenore took possession of the entire building by virtue of the will and continued to reside there; that all of the other children construed the will as devising all of the estate, including the real property, to Lenore, and each recognized and acknowledged her as the sole owner; that since her mother's death she made substantial improvements and repairs on the property; and that none of the other heirs claimed any interest in it until some time in 1953. Other allegations state on information and belief that plaintiff, an attorney at law, approached the brothers and sisters in 1952, told them of their alleged interest in the real estate, solicited them to engage him as their attorney, and obtained a conveyance to himself. It is asserted that the plaintiff and the brothers and sisters are estopped from claiming Lenore is not the owner, that plaintiff does not come into court with clean hands, and that he had no right to maintain the suit. On motion of plaintiff the answer was stricken, defendant elected to stand upon the answer, she was adjudged in default for want of answer, and the complaint was taken *pro confesso* as to the right of partition. A decree was entered finding that by her will Anna Schnaedter disposed of her personal estate only, and that she died intestate as to the real estate. Division and partition was ordered in accordance with the prayer of the complaint, jurisdiction being reserved for the purpose of an accounting for rents and profits.

In addition to the contention that the will, as properly construed, disposed of the real estate, defendants argue that the answer allges facts showing an equitable estoppel, *laches,* and an illegal interest on the part of the plaintiff, unenforceable as against public policy. Under the view we take on the principal issue it will be unnecessary to consider such arguments.

Since the real estate is not expressly mentioned in the will, the question is whether the testatrix's intention concerning it can be ascertained from the language of the will when considered in the light of the facts and circumstances surrounding her at the time she made the will. In deciding this question we are aided by certain well established rules of law. Thus it is presumed the testatrix intended to dispose of her entire estate unless it clearly appears otherwise by the provisions of the will; and any reasonable construction, consistent with the terms of the instrument, will be adopted so as to find a disposition of the entire estate rather than an intention to die testate as to one portion of her property and intestate as to another. (*Wickizer* v. *Whitney,* 364 Ill. 125.) In construing doubtful provisions in a will the words employed by the testatrix must be viewed in the light of her circumstances and surroundings, including the state of her property and her family. (*Strickland* v. *Strickland,* 271 Ill. 614.) The intention of the testatrix must be sought in the general tenor of the instrument; and the scheme of disposition so disclosed must control, even though it involves the rejection of words in the will which are irreconcilable or inconsistent with the general context. *Cahill* v. *Michael,* 381 Ill. 395.

The question of intention concerning the real estate in the case at bar can thus be answered intelligently only by considering the will as a whole and ascertaining therefrom the general scheme of the testatrix. (*Given* v. *Hilton,* 95 U.S. 591, 25 L. ed. 458.) That she intended to make a

complete disposition of all her property, leaving none to pass by intestacy, is evident when the will is tested by the foregoing rules of construction. It is to be remembered that at the time she executed the will she owned the premises in question and resided therein with Lenore, the sole beneficiary under the will. Lenore helped to support her and maintain the building, whereas the other children had married and resided elsewhere. It is signficant, also, that the testatrix's personal property amounted to only a small proportion of the value of her estate, and that for almost eight years after testatrix's death the other children stood by and asserted no claim to any interest in the premises.

By the third clause of the will the testatrix, in disposing of her "personal" estate, uses the words "devise and bequeath." These terms, in their ordinary legal meaning as well as in common usage, have reference to and include real estate as well as personal property. (*Wickizer* v. *Whitney,* 364 Ill. 125.) By the sixth clause of the will power is conferred upon the executrix to rent, mortgage and repair "any and all personal property which becomes a part of my estate at the time of my death." The words "rent," "mortgage," and "repair," when used in designating the powers of an executor, are usually employed with reference to real estate rather than personalty. If the testatrix used the terms "personal estate" and "personal property" in their technical sense, then such words as "devise," "rent," etc., are inappropriate and serve little purpose. On the other hand, if by the term "personal estate" the testatrix meant property belonging to herself, or property she owned personally, then all the words of the will would be given effect and none would be rejected as meaningless or surplusage.

Moreover, the latter construction is supported not only by the circumstances surrounding the testatrix at the time she made the will, but also by the presumption against intestacy. That the language of the will should be read in the

light of the circumstances under which it was made, including the nature and extent of testatrix's property as well as her relations to her family and the daughter named in the will, is a familiar rule in the construction of wills. (*Vollmer* v. *McGowan,* 409 Ill. 306; *Dahmer* v. *Wensler,* 350 Ill. 23; *Abrahams* v. *Sanders,* 274 Ill. 452.) The presumption against partial intestacy is likewise firmly established. (*Cahill* v. *Michael,* 381 Ill. 395.) With reference to such presumption we observed, in *Womans Union Missionary Society* v. *Mead,* 131 Ill. 338: "This rule, says Redfield, 'is founded upon the presumption that every man who sits down deliberately to make his will does not intend to leave any portion of his property in such a condition as not to pass by the will. The idea of any one deliberately purposing to die testate as to a portion of his estate, and intestate as to another portion, is so unusual in the history of testamentary disposition as to justify almost any construction to escape from it.' (2 Redfield on Wills, 235.)"

An intent to make a complete disposition of testatrix's property is sufficiently evident throughout her will; and its provisions will be construed, as they reasonably may be, so as to carry into effect such general intent. While the particular words "real estate" do not appear in the will, such terms are not necessarily required in order to make a disposition of that species of property if other language used is broad enough to include it. *Wickizer* v. *Whitney,* 364 Ill. 125.

We do not mean to imply by what we have said that if an apparent general intent to make a complete disposition of the estate can be inferred from the language of the will, it will control particular provisions plainly to the contrary, or enlarge dispositions beyond their legitimate meaning. Our holding in this respect is merely that such a general intent should be considered in determining what was intended by the words "personal estate," or other terms subject to different or varied meanings.

We conclude that the present will, as properly construed, expressed an intention of the testatrix to dispose of her entire estate, that her real estate did not descend as intestate property, and that the trial court erred in entering a decree for partition. The decree is reversed and the cause remanded with directions to enter a decree in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*