(No. 34570.—

EDDE K. HAYS, Exr., *vs.* ILLINOIS INDUSTRIAL HOME FOR THE BLIND, Appellant.—(THE CHICAGO LIGHTHOUSE FOR THE BLIND, Appellee.)

*Opinion filed January 24, 1958.*

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, THEODORE G. MAHERAS, A. ZOLA GROVES, and MYRTLE B. STRYKER, of counsel,) for appellant.

DALLSTREAM, SCHIFF, HARDIN, WAITE & DORSCHEL, of Chicago, (ANDREW J. DALLSTREAM, ALBERT E. HALLETT, and BURTON R. RISSMAN, of counsel,) for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This appeal comes from the superior court of Cook County wherein a decree was entered construing the last will and testament of Mrs. Augusta Czerwenka. Edde K. Hays, executor, filed the complaint herein requesting an interpretation of the will and an instruction as to what distribution to make under the will. The appeal is properly directed to the court since it relates to a matter in which the State has an interest.

Mrs. Czerwenka's will and codicil were admitted to probate in the probate court of Cook County, December 28, 1955, and letters testamentary were issued to the plaintiff, Hays. Article VI of the will, among other things, provides that a part of the residue should be disposed of as follows:

"One-third thereof to The Illinois Industrial Home for the Blind (commonly called Lighthouse for the Blind) 1900 Marshall Boulevard, Chicago 23, Illinois."

The executor, through his attorneys, petitioned the superior court for a construction of this provision. The trial court after hearing extrinsic evidence on the matter decided that there was a latent ambiguity created by the language used in the provision. The court then admitted additional extrinsic evidence in order to remove the am-

biguity and construed the will as passing a one-third interest to the Chicago Lighthouse for the Blind.

The following facts were established by this additional evidence. In November, 1952, Mrs. Czerwenka, a widow nearing ninety years of age, consulted with Edde K. Hays, her business adviser, in connection with the drawing of a new will. She advised Hays that she wished to leave her residuary estate to charity, one third thereof to the Lighthouse for the Blind. She then asked Hays to have her attorney draft the will in accordance with her wishes. She did not mention the name of Illinois Industrial Home for the Blind during that conversation or at any other time in Hays's presence, nor did she mention an address for the Lighthouse for the Blind.

The next day Hays wrote and mailed a letter to Mrs. Czerwenka's attorney outlining in general terms the disposition she wished for her estate. With respect to the residuary clause, the letter stated:

"The remainder of the estate to be divided equally among The Lighthouse for the Blind, The Crippled Children and the German Orphan's Home."

The attorney turned this letter over to his secretary for the purpose, among others, of verifying the accuracy of the name "The Lighthouse for the Blind." The following day the attorney's secretary handed him a memorandum which stated in part:

"The Lighthouse for the Blind: correct name is The Illinois Industrial Home for the Blind, 1900 Marshall Boulevard, Chicago 23, Illinois."

The attorney having received no further instructions as to the drafting of the will, prepared the will, and, relying on the information furnished him by his secretary, he drafted the provision in question as follows:

"One-third thereof to The Illinois Industrial Home for the Blind (commonly called Lighthouse for the Blind), 1900 Marshall Boulevard, Chicago 23, Illinois."

The Industrial Home contends that the trial court erred in admitting this extrinsic evidence as an aid in construing article VI of the will for the following reasons: (1) that the language of the article is not ambiguous but clearly and plainly provides that it is to receive the one-third share, (2) that if the article is ambiguous, the ambiguity is patent and calls for construction by the court without the aid of extrinsic evidence; and (3) that if extrinsic evidence is admissible to remove a patent ambiguity, it is limited to showing the circumstances under which the testatrix published the will. These three contentions will be considered together because of their interrelation.

The issue raised in all three contentions is whether the trial court erred in deciding that the language as used in the questioned provision created a latent ambiguity. In *Krog* v. *Hafka*, 413 Ill. 290, a latent ambiguity is defined as one where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation of a choice among two or more possible meanings. It is necessary, then, to decide whether the language used in article VI of the will is clear and intelligible and suggests but a single meaning. No one reading the will could know that the language used was defective, obscure and insensible. It is clear and intelligible and suggests but a single organization. Thus, Industrial Home's second and third contentions are without merit and the trial court properly found that the language is not patently ambiguous.

It is well established that parol evidence is always admissible to show that a word or words of a will are latently ambiguous. (*Krog* v. *Hafka*, 413 Ill. 290; *Norton* v. *Jordan*, 360 Ill. 419; *Alford* v. *Bennett*, 279 Ill. 375.) Thus, it was proper to show that the charitable organization in Chicago commonly called "Lighthouse for the Blind" is The Chicago Lighthouse for the Blind, a private corporation. It was also proper to show that Illinois Industrial

Home for the Blind, a public corporation is *not* commonly referred to as "Lighthouse for the Blind." This evidence was undisputed by the Industrial Home.

Industrial Home's first contention is that in spite of this evidence the language of article VI is not ambiguous since only one organization is actually described. It argues that the parenthetical clause is simply descriptive and the court should, therefore, reject the language within the parenthesis leaving Industrial Home described with exactitude both as to name and address. It is true that a court, in construing a will, may reject superfluous, repugnant, or absurd words, or words which have no meaning, whenever necessary to effectuate the testator's intention as expressed therein. (*Caracci* v. *Lillard,* 7 Ill.2d 382.) However, there must be something in the will which makes it certain that the expressed intention of the testator necessitates the deletion. Industrial Home asserts that because it was described exactly by name and address, it is the legatee intended. This seems plausible, except that the wording in article VI indicates that Mrs. Czerwenka considered that the Industrial Home was, in fact, the Lighthouse for the Blind. In addition it would seem clear that she intended to make the bequest to an organization known as The Lighthouse for the Blind. We are convinced that there is nothing in the will which makes it certain that one or the other organization was intended. If a court were to attempt to decide this question by a consideration of the will alone, it would amount to an adjudication based upon speculation and guesswork. The rejection of words from a will must be warranted by the context or scheme of the will and not merely by a conjectural hypothesis of the testator's intention. The trial court properly refused to reject the words within the parenthesis.

The language employed in article VI of the will fits accurately within the definition of a latent ambiguity. It is clear and intelligible and suggests but a single organization.

630

The uncertainty does not become apparent until it is shown that Illinois Industrial Home for the Blind and The Lighthouse for the Blind are two separate, independent, charitable corporations and not one organization known by the two names. The trial court properly found that the language was latently ambiguous.

It is well settled that where a will contains a latent ambiguity, extrinsic evidence is admissible for the purpose of resolving such ambiguity. (*Krog* v. *Hafka,* 413 Ill. 290; *Norton* v. *Jordan,* 360 Ill. 419; *Decker* v. *Decker,* 121 Ill. 341.) Industrial Home concedes that this is the law in Illinois, but asserts in its fourth contention that the extrinsic evidence in this case merely indicated that a mistake had been made in drawing the will. It argues, then, that a mistake by the draftsman of a will is binding on the testatrix and parol evidence is not admissible to cure the mistake. It is true parol evidence will not be allowed to show what the testatrix meant to say (see *Rodisch* v. *Moore,* 257 Ill. 615,) but it will be allowed to show what she meant by what she did say. (*Krog* v. *Hafka,* 413 Ill. 290.) The trial court properly admitted the parol evidence to show what Mrs. Czerwenka meant by what she *did say.*

Industrial Home's final contention is that much of the extrinsic evidence in this case should not have been admitted under well-established rules of evidence. It is asserted that Edde K. Hays was incompetent to testify as to statements of the testatrix because he is an interested party as defined in section 2 of the Evidence Act. His testimony was admitted subject to objection, but the objection was not renewed nor was any motion made to strike it. The testimony must now be considered as properly in the record. (*Village of Palatine* v. *Dahle,* 385 Ill. 621.) Hays was not an incompetent witness at any rate, since he would not gain or lose as the direct result of this suit. (*Bellman* v. *Epstein,* 279 Ill. 34; *Wetzel* v. *Firebaugh,* 251 Ill. 190.) He is merely a stakeholder standing ready and willing to

begin distribution in accordance with the court's decree, his fees will not be affected by the outcome of this action.

It is similarly asserted that witnesses Norman F. Clarke, Abe R. Peterson, and Beatrice Wilding, who are respectively officer and director, member of the board of governors, and secretary of The Chicago Lighthouse for the Blind, were incompetent under section 2 of the Evidence Act because they are interested persons. No objection was made in the trial court to the competency of witnesses Clarke, Peterson and Wilding and it canno* now be made for the first time on appeal. (*Dacy* v. *Goll,* 242 Ill. 606.) It is doubtful, at any rate, that these witnesses were, in fact, incompetent within the meaning of section 2 of the Evidence Act. See *Adams* v. *First M. E. Church,* 251 Ill. 268.

Industrial Home alleges that the trial court erred in admitting other testimony and certain exhibits. A discussion of these allegations would add nothing to this opinion and make it unduly long. It is sufficient to state that proper objections were not made in the trial court to the now-complained-of testimony and exhibits, and, hence, these objections have been waived.

The trial court did not err in admitting the extrinsic evidence to demonstrate and resolve the latent ambiguity that exists in article VI of the testatrix's will. The decree is amply supported by the evidence and properly finds that The Chicago Lighthouse for the Blind is the institution described and intended to be described in the will. The decree of the superior court of Cook County is, therefore, affirmed.

*Decree affirmed.*