The First National Bank of Peoria, Illinois, Administrator de bonis non With Will Annexed of the Estate of William V. Dufner, et al., Plaintiffs, John Wayne Dufner, Individually and as Executor of the Estate of Margaret Alice Davis, Deceased, Plaintiffs-Appellants, v. Home of the Good Shepherd, an Illinois Not-for-Profit Corporation, Defendant-Appellee.

Gen. No. 11,669.

Second District, Second Division.
February 19, 1963.
Additional Opinion April 15, 1963.
Rehearing denied April 15, 1963.

Samuel Saxon, of Plainfield, for appellant, John Wayne Dufner.

McConnell, Kennedy, McConnell & Morris, of Peoria, for appellee.

SPIVEY, J.

William V. Dufner died, leaving a will with a residuary bequest to "The Home of the Good Shepherd, of the City of Peoria, Illinois." A suit was brought by the executor of Dufner's estate and certain heirs to construe the will to determine what disposition to make of the particular bequest, since, the executor claimed there was no such home in existence in Peoria, Illinois on the date of death of the decedent, on the date the residuary bequest became effective, or at the time of filing of the complaint. Defendant, "Home of the Good Shepherd," an Illinois Not-for-Profit Corporation, answered the complaint and denied that no such home was in existence in Peoria, Illinois, and claimed to be entitled to the bequest. The Circuit Court of Peoria County entered judgment in favor of the defendant on the pleadings and certain of the plaintiffs appealed from that judgment.

In the defendant's answer, it alleged that it was an Illinois Not-for-Profit Corporation, organized in 1892. Defendant alleged that a Roman Catholic Religious Or-

32

der called "Sisters of Our Lady of Charity of the Good Shepherd" established a convent under the name recited above for the purpose of maintaining a school and the convent. Defendant alleged that the name given to the convent was "Home of the Good Shepherd." According to the defendant's answer the school and convent were transferred from Peoria to other institutions operated by the religious order in 1953. Defendant alleged that it was currently in good standing as a not-for-profit corporation now, and that the officers and directors now and always were members of "Sisters of Our Lady of Charity of the Good Shepherd." The defendant asked the court to decree that it was the residuary legatee named in the will and entitled to receive the residuary estate. None of the allegations of the answer were denied by the plaintiffs.

Defendant then filed a motion for judgment on the pleadings in which it contended that there was no issue of fact to be tried. The court, in its decree, found that the defendant is the same person as "Home of the Good Shepherd, of the City of Peoria, Illinois" and was entitled to receive the bequest. Further, the court found that there was no requirement that the defendant possess, occupy and administer any physical facilities at the date of death of the testator, or at the time the residuary gift became effective, or at the present time. It was further decreed that the will contained no restriction or directions as to the manner or method of expenditure of the funds.

A motion to vacate was filed by the plaintiffs who contended that the defendant and "Home of the Good Shepherd, of the City of Peoria, Illinois" were not one and the same organization. This motion was denied and this appeal followed.

Plaintiffs in their brief contend that there was a latent ambiguity in the will of the decedent and therefore, extrinsic evidence should have been admitted to aid in the construction of the will. Plaintiffs contend that there was an issue of fact, that is, is the defend-

33

ant "Home of the Good Shepherd," an Illinois Not-for-Profit Corporation one and the same as "Home of the Good Shepherd, of the City of Peoria, Illinois." For these reasons, plaintiffs contend that the court erred in granting the defendant's motion for judgment on the pleadings.

The plaintiffs contend that the will is latently ambiguous and so must be construed to determine the testator's intention. The defendant denies that any ambiguity exists and denies that construction is proper. In view of the defendant's position, it is obvious that if an ambiguity exists, it is a latent ambiguity.

In the case of Hays v. Illinois Industrial Home for the Blind, 12 Ill2d 625, 147 NE2d 287, the Supreme Court said, "In Krog v. Hafka, 413 Ill 290, 109 NE2d 213, a latent ambiguity is defined as one when the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation of a choice among two possible meanings." In the instant case, the testator named "Home of the Good Shepherd, of the City of Peoria, Illinois" as the residuary legatee. There appears no organization or association with this precise name. In the absence of an organization, corporation, or association with this precise name, we cannot state, without resort to extrinsic evidence that the words "of the City of Peoria, Illinois" were descriptive, or part of the proper name of the intended beneficiary. Defendant in paragraph 10A of its Answer contends that the testator's intention was that the "Sisters of Our Lady of Charity of the Good Shepherd" was the legatee. Obviously then, there is a latent ambiguity which must be construed by resort to extrinsic evidence.

A similar problem was present in the case of Woman's Union Missionary Society v. Mead, 131 Ill 338, 23 NE 603. In that case there was a gift to "The Hahnemann Hospital at Chicago, Illinois." But there was no such entity. There was, however, a corporation

known as "Board of Trustees of the Hahnemann Medical College" which was generally known as "Hahnemann Hospital."

The court said "it was unquestionably competent for these various claimants to prove their corporate existence, and the objects and purposes for which they were organized, the knowledge, if any, which testatrix had of them, and her feeling toward and relations with them, the name or names by which she or others were accustomed to designate them, that no other corporations, associations or societies corresponding to the name or description given in the will existed at the time it was executed; her family, Church and social relations, in short, every fact and circumstance surrounding her and these claimants, which would aid the court in reaching a conclusion as to her motives and purposes in using the names or descriptions in question."

In the same opinion, the court further stated, "An almost infinite number of cases involving the validity of bequests where the legatee or devisee was inaccurately named or described in the will, can be found. They have generally arisen out of conflicting claims to the same bequest by two or more individuals or corporations; but we also find many cases in which, as here, there is but one claimant. These cases cannot be wholly reconciled, so as to obtain from them a general rule by which it can be determined just when such bequests are to be sustained. Each case must be determined on its own peculiar facts,—the object in every case being, if possible, consistent with the rules of evidence, to ascertain and give effect to the intention of the testator, and an examination of the authorities will clearly show that the tendency of all the decisions is in the direction of liberality in permitting the introduction of extrinsic evidence for that purpose."

 From the foregoing it would seem that the trial court erred in refusing to allow the plaintiffs to in-

troduce evidence in opposition to the claim of the defendants. In Mason v. Willis, 326 Ill App 481, 62 NE2d 135, we said, "when a charitable organization is designated in a will by an erroneous name, extrinsic evidence is always admissible to identify the charitable organization intended." Plaintiffs should have been given the opportunity to identify the legatee by extrinsic evidence.

█ Because of the error of the trial court in granting judgment on the pleadings, we must reverse the decree of the Circuit Court of Peoria County and remand the cause for a hearing to determine the intention of the testator. In conformity with the permissible scope of inquiry, as herein stated, it is further ordered that the defendant answer the interrogatories submitted to it, in accordance with the applicable Rule of the Supreme Court.

Reversed and remanded.

WRIGHT, P. J. and CROW, J., concur.

### Additional Opinion on Rehearing

█ On petition for rehearing, the defendant contends that this court has misapprehended the true issue in the case. Defendant *now* says that the issue is "whether the gift should lapse because no such home was being operated at the time of testator's death." It is suggested that the trial court would be at a loss to understand the mandate of this court and decide the issue *now* said to be involved.

Briefly, the complaint asked that the trial court find that the gift lapsed and the residuary estate was intestate property. Defendant, after voluminous affirmative allegations in its answer prayed that the court find that it was the residuary legatee and the person entitled to receive the residuary estate. The court in its order found that the defendant was the residuary legatee.

36

In its brief in this court the defendant stated that the issue before the court below was "Is the defendant, The Home of the Good Shepherd, an Illinois Not for Profit Corporation, whose registered office is located in Peoria, Illinois, the same as The Home of the Good Shepherd of Peoria, Illinois?"

We have decided that the trial court erred in failing to consider extrinsic evidence to resolve the issue the defendant *formerly* contended was involved in this case. This was the issue presented under the pleadings, determined in the trial court and argued in this court.

We are of the opinion that the trial court will understand this opinion so that on remandment the issues as made by the pleadings and as urged by the defendant *originally,* will be properly resolved.

Defendant's petition for rehearing is denied.