*In re* ESTATE OF EVA MAY SMITH, Deceased (Darl Bollman, Ex'r of the Will of Eva May Smith, Petitioner-Appellee, v. Perry Manor, Inc., *et al.*, Respondents-Appellees (Lifecare Center of Pinckneyville, Inc., Respondent-Appellant)).

Fifth District   No. 5—88—0092

Opinion filed May 16, 1990.

Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield (T. Kent Cochran and Michael C. Connelly, of counsel), for appellant.

Lackey & Warner, P.C., of Centralia (George C. Lackey, of counsel), for appellee Perry Manor, Inc.

JUSTICE HOWERTON delivered the opinion of the court:

Eva May Smith died. Her will provided for a legacy to "PERRY MANOR, INC., Pinckneyville, Illinois."

Perry Manor, Inc., a Nevada corporation, operated a nursing home called Perry Manor in Pinckneyville. Before Eva May Smith died, Perry Manor, Inc., sold the nursing home in Pinckneyville to Lifecare Center of Pinckneyville, Inc. Lifecare continued to operate the nursing home in Pinckneyville and continued to call it Perry Manor.

Smith's executor filed a petition to construe the will, claiming that there was a latent ambiguity, saying that the apparent intention of Eva May Smith was to make a charitable bequest in support of the operation of the nursing home in Pinckneyville, not for the general purpose of the corporation Perry Manor, Inc.

The circuit court dismissed the petition. Lifecare appeals. We affirm.

■ We ignore the portions of the executor's petition that purport to know the intention of Eva May Smith. Those statements are speculative. To consider them as creating a latent ambiguity would have the same effect as rewriting the will.

■ In determining the propriety of the circuit court's dismissal of the executor's petition, our sole task is to determine whether the factual allegations of the petition to construe the will set forth facts which, if proved, would create a latent ambiguity in the will. (*Wooded*

*Shores Property Owners Association, Inc. v. Matthews* (1976), 37 Ill. App. 3d 334, 345 N.E.2d 186; *Goldberg v. Ruskin* (1984), 128 Ill. App. 3d 1029, 471 N.E.2d 530.) We, therefore, are to compare the allegations of the petition to the provisions of the will.

■ If the petition to construe the will states facts which, if proved, show a latent ambiguity, then a hearing must be held in which evidence extrinsic to the will is taken to determine if there is a latent ambiguity. If it is determined that no latent ambiguity exists, then the petition is dismissed. If it is determined that a latent ambiguity does exist, then a full hearing is held in which evidence extrinsic to the will is admitted to determine the intent of the testator. *Weir v. Leafgreen* (1962), 26 Ill. 2d 406, 186 N.E.2d 293; *Hays v. Illinois Industrial Home for the Blind* (1958), 12 Ill. 2d 625, 147 N.E.2d 287.

If, on the other hand, the petition does not state facts which, if true, warrant relief, then a hearing is unnecessary.

■ There is no latent ambiguity in the will, because the petition does not allege that there is more than one Perry Manor, Inc., or that the Perry Manor, Inc., referred to in the will is not the appellee.

Lifecare relies on *First National Bank v. Home of the Good Shepherd* (1963), 40 Ill. App. 2d 31, 189 N.E.2d 361, and *Hays v. Illinois Industrial Home for the Blind* (1958), 12 Ill. 2d 625, 147 N.E.2d 287. These cases, however, show why the petition did not state facts that would raise a latent ambiguity.

*Good Shepherd* involved a legacy to the "Home of the Good Shepherd, of the City of Peoria, Illinois." The executor petitioned to construe the will, because he could not find an organization by the name "Home of the Good Shepherd, of the City of Peoria, Illinois." The petition was answered by "Home of the Good Shepherd, an Illinois not-for-profit corporation," which claimed to be the legatee. The court held that a hearing had to be held under these circumstances, because the petition stated facts, which if proved, would create a latent ambiguity. Extrinsic evidence should have been allowed to show that "Home of the Good Shepherd, an Illinois not-for-profit corporation," was one and the same as "Home of the Good Shepherd, of the City of Peoria, Illinois." *First National Bank v. Home of the Good Shepherd* (1963), 40 Ill. App. 2d 31, 189 N.E.2d 361.

In the case at bar, there is no claim that Perry Manor, Inc., cannot be found.

In *Good Shepherd*, the petition to construe alleged that "Home of the Good Shepherd, of the City of Peoria, Illinois," and "Home of the Good Shepherd, an Illinois not-for-profit corporation," were not one and the same organization.

In the case at bar, the petition does not allege that Perry Manor, Inc., is not the same organization as "PERRY MANOR, INC., Pinckneyville, Illinois."

In addition, the words "Pinckneyville, Illinois" in Eva May Smith's will are descriptive terms and are not part of the proper name. In the will, all proper names are typed in upper case letters, while all descriptions are typed in the lower case. The face of the will shows that the named legatee was "PERRY MANOR, INC.," while "Pinckneyville, Illinois," merely described the location of the named legatee at the time of execution. This interpretation is further reinforced by section 4.05 of the Business Corporation Act of 1983 (Ill. Rev. Stat. 1987, ch. 32, par. 4.05), which requires a foreign corporation to *end* its name with the word corporation, company, incorporated, or limited, or an abbreviation of such words. Both Perry Manor, Inc., and Lifecare Services of Pinckneyville, Inc., end their names with the required statutory abbreviation.

Therefore, *Good Shepherd* does not control the instant case; the words "Pinckneyville, Illinois" are merely descriptive of location and are not part of the proper name of the legatee.

In the second case Lifecare relies upon, *Hays*, the petition stated that the purported legatee, "The Illinois Industrial Home for the Blind (commonly called Lighthouse for the Blind), 1900 Marshall Boulevard, Chicago, Illinois," in reality was two separate entities. This statement caused the petition to state facts that, if proved, would establish a latent ambiguity, therefore making necessary a hearing in which evidence extrinsic to the will would be admitted.

In the case at bar, there is no such allegation.

The executor's petition says that it is believed that if the testator had known that the nursing home in Pinckneyville would have been operated by Lifecare instead of Perry Manor, Inc., then she would have changed her will. Illinois is a fact-pleading State. (Ill. Rev. Stat. 1987, ch. 110, par. 2—601.) This allegation clearly is not one of fact.

A court cannot surmise what provision testator would have put in the will had a change in the circumstances surrounding the creation of the will been anticipated. *McFarland v. McFarland* (1898), 177 Ill. 208, 218; *Vollmer v. McGowan* (1951), 409 Ill. 306, 99 N.E.2d 337.

■ After the circuit court had dismissed the original petition, the executor asked leave to file an amended petition. The circuit court denied that motion. Lifecare appeals the denial of the executor's motion. Lifecare does not have standing to pursue an appeal of this portion of the circuit court's ruling, because the motion was not Lifecare's but was the executor's, and Lifecare did not join in the motion. *Wells v.*

*Web Machinery Co.* (1974), 20 Ill. App. 3d 545, 315 N.E.2d 301.

Lastly, Lifecare attempted to file its own petition, but failed to get leave of the court. Lifeline's new petition, therefore, must be disregarded on review. *Hallmark Personnel, Inc. v. Pickens-Kane Moving & Storage Co.* (1980), 82 Ill. App. 3d 18, 401 N.E.2d 1049.

The order of the circuit court dismissing the executor's petition is affirmed.

Affirmed.

LEWIS, P.J., and RARICK, J., concur.